United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40493

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO ORTEGA-GONZAGA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
--------------------

Before HIGGINBOTHAM, DAVIS, and WIENER, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Defendant Humberto Ortega-Gonzalez pleaded guilty to reentering the United States following deportation. The district court imposed a 16-level increase in his sentence, concluding that Ortega's previous California conviction for burglary, CAL. PENAL CODE § 459, was a "crime of violence" under U.S.S.G. § 2L1.2. Ortega challenges that conclusion,[1] which we review de novo. See United States v. Dominguez-Ochoa, 386 F.3d 639, 641 (5th Cir. 2004).

U.S.S.G. § 2L1.2 provides for a 16-level increase if the defendant was deported following a "crime of violence." The

---

[1] Ortega also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors. As he properly concedes, this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), and he raises the argument only to preserve it.

commentary to § 2L1.2 defines "crime of violence" as either an enumerated felony, including "burglary of a dwelling," or a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  As they did below, the parties contest only whether Ortega's prior conviction was the enumerated felony of "burglary of a dwelling" under the categorical approach.  See Dominguez-Ochoa, 386 F.3d at 642-46.  In answering that question, we look to the "generic, contemporary" meaning of burglary of a dwelling, employing a "common sense approach."  See United States v. Santiesteban-Hernandez, 469 F.3d 376, 378-79 (5th Cir. 2006).

Here, Ortega was convicted under a statute criminalizing entry into a building with the intent to commit larceny or any felony.[2] CAL. PENAL CODE § 459.  In United States v. Taylor, 495 U.S. 575 (1990), the Supreme Court construed the term "burglary" under the firearms statute, 18 U.S.C. § 924(e), stating that "Congress meant by 'burglary' the generic sense in which the term is now used in the criminal codes of most States," hence the term "must have some uniform definition independent of the labels employed by the various States' criminal codes."  Id. at 592, 98.  The Court

---

[2] Although the list of things one can enter to commit burglary under CAL. PENAL CODE § 459 includes both things clearly "dwellings" and things possibly other than "dwellings," see United States v. Murillo-Lopez, 444 F.3d 337, 344 (5th Cir. 2006), the state indictment alleged that Ortega entered an "inhabited dwelling house."  Under the modified categorical approach, we can consider that indictment in determining under what statutory section Ortega was convicted, see id. (examining the same California statute and form of indictment at issue here in addressing defendant's argument that he didn't enter a "dwelling"), hence it's unsurprising that Ortega does not argue that he did not enter a "dwelling."  He argues only that he didn't enter unlawfully or without privilege.

determined that "the generic, contemporary meaning of burglary contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with the intent to commit a crime." Id. at 598. Ortega argues that this definition of burglary controls and does not reach his crime, which did not require that his entry be "unlawful or unprivileged."

Because we see no reason to create a separate, parallel federal common-law definition for "burglary," Taylor's definition of "burglary" controls when defining the "burglary" part of "burglary of a dwelling" under the Guidelines. We recognize that, in United States v. Murillo-Lopez, 444 F.3d 337, 344 (5th Cir. 2006), this court extended the definition of "burglary of a dwelling" under the Guidelines to include things like tents, which the Court in Taylor implicitly excluded in defining "burglary."[3] That makes sense, given that the court in Murillo-Lopez was called to define the "of a dwelling" part of "burglary of a dwelling," and it's reasonable to conclude that "burglary of a dwelling" encompasses different structures than "burglary." However, the

---

[3] The Court in Taylor implicitly stated that tents were not included in its definition of "building or other structure" in its definition of generic burglary:

> A few States' burglary statutes, however, as has been noted above, define burglary more broadly [than the just-stated generic defintion], e.g., by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than buildings. One of Missouri's second-degree burglary statutes in effect at the times of petitioner Taylor's convictions included breaking and entering "any booth or tent, or any boat or vessel, or railroad car."

Court in Taylor did consider what the word "burglary" by itself entails, and there it held that the common definition included "unlawful or unprivileged entry into, or remaining in...." Indeed, it held that statutes, like the one at issue, that do not require an "unlawful or unprivileged entry into, or remaining in" are broader than the common definition of "burglary." This is buttressed by the Model Penal Code, which requires than an entry be unprivileged and unlicensed. MODEL PENAL CODE § 221.1. Given this, it makes little sense to hold that the federal common law definition of "burglary" requires "unlawful or unprivileged entry, or remaining in" but the federal common law definition of "burglary..." does not. As a result, we hold that Taylor's definition of "burglary," aside from the structures in which a burglary can occur, controls the definition of "burglary of a dwelling" under the Guidelines. This is true even though our goal under the Guidelines is to ascertain the "generic, contemporary" meaning of burglary of a dwelling, because the Court in Taylor has implicitly given us that meaning.

The Government urges that any entry with the intent to commit a crime must be "unlawful or unprivileged," hence the California statute implicitly required such an entry here. But, as the Model Penal Code and Taylor recognized, those elements are separate. For example, a cable repairman may enter a house with intent to rape, but because he enters lawfully and with privilege, there is no "burglary." Likewise, a shoplifter who lawfully enters a store

with the intent to steal may later commit theft, but not burglary. This comports with our companion case, <u>United States v. Herrera-Montes</u>, ___ F.3d ___ (5th Cir. 2007), in which the defendant alleged that his prior conviction shows only that he entered unlawfully, not with an intent to commit a crime - the reverse situation. That is also not burglary. For example, teenagers may unlawfully enter a house only to party, and only later decide to commit a crime.[4] Both results are consistent with our conclusion that Texas's statute outlawing "burglary of a habitation" outlaws "burglary of a dwelling" under the Guidelines because that statute requires both an unconsented-to entry and an intent to commit a crime. <u>See</u> <u>United States v. Garcia-Mendez</u>, 420 F.3d 454, 457 (5th Cir. 2005). And our result avoids a split with the Ninth Circuit, which has held that CAL. PENAL CODE § 459 does not proscribe "burglary of a dwelling" because it does not require proof that the entry be "unlawful or unprivileged." <u>See</u> <u>United States v. Rodriguez-Rodriquez</u>, 393 F.3d 849, 852-53 (9th Cir. 2005).[5]

---

[4] <u>See</u> <u>Herrera-Montes</u>, ___ F.3d at ___.

[5] The court in <u>Rodriguez-Rodrgiuez</u> enhanced the defendant's sentence anyways because, using the "modified categorical approach," the defendant was indicted with and plead guilty to "unlawfully" entering. This court, however, uses the "modified categorical approach" only to determine of which subsection of a statute a defendant was convicted, <u>United States v. Calderon-Pena</u>, 383 F.3d 254, 258 (5th Cir. 2004) (en banc), and CAL. PENAL CODE § 459 has no subsection requiring "unlawful" entry. In any event, "unlawful" entry was not part of Ortega's indictment or conviction.

Also, in <u>United States v. Reina-Rodriguez</u>, 468 F.3d 1147, 1155-56 (9th Cir. 2006), the Ninth Circuit held that a Utah statute covering "enter[ing] or remain[ing] unlawfully in a building" proscribed "burglary," even though lawful entry was covered by the statute, apparently because <u>Taylor</u> covers unlawfully remaining in. This seems to disregard the categorical approach because a defendant could violate that statute in a non-"burglary" manner, by lawful entry. <u>See</u> <u>United States v. Bonat</u>, 106 F.3d 1472, 1475 (9th Cir. 1997) (holding that Arizona statute, which is in relevant part identical to the Utah

SENTENCE VACATED AND CASE REMANDED FOR RESENTENCING.

---

statute in allowing conviction for even lawful entry, was broader than <u>Taylor</u> "burglary" because it covered "privileged" entry). <u>Reina-Rodriquez</u> distinguished <u>Rodriquez-Rodriquez</u> because CAL. PENAL CODE § 459 covers only entry, not remaining in. In any event, we hold that, whether the defendant "enters" or "remains in," the entry or remaining in must be "unlawful or unprivileged."