# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 8, 2008

Charles R. Fulbruge III
Clerk

No. 06-51070
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

HERIBERTO GONZALEZ-SINSOON, also known as Miguel Garcia-Mendez, also known as Heriberto Bautista-Sosa

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-85-ALL

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Heriberto Gonzalez-Sinsoon (Gonzalez) appeals the 77-month sentence imposed following his guilty-plea conviction of being illegally present in the United States following removal. He argues that the district court erred in applying a 16-level crime-of-violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his North Carolina conviction for breaking or entering.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In determining whether an offense is an enumerated crime of violence under the Guidelines, we are not bound by the label given to the conviction by the state. United States v. Fierro-Reyna, 466 F.3d 324, 327 (5th Cir. 2006). The North Carolina statute under which Gonzalez was convicted applies where "[a]ny person . . . breaks or enters any building with intent to commit any felony or larceny therein." N.C. GEN STAT. § 14-54(a). This statutory definition may be narrowed by the allegation of the indictment to which Gonzalez pleaded guilty. See United States v. Carbajal-Diaz, __ F.3d __, 2007 WL4154062, *2 (5th Cir. Nov. 26, 2007). The indictment, which is of record, specifies that Gonzalez's breaking or entering offense involved a building used as a residence. Because Gonzalez's breaking or entering offense, as narrowed by the indictment, satisfies the definition of the enumerated offense of burglary of a dwelling the district court did not err in applying the enhancement. See id. at **4-5; United States v. Ortega-Gonzaga, 490 F.3d 373, 395 (5th Cir. 2007).

In light of Apprendi v. New Jersey, 530 U.S. 466 (2000), Gonzalez also challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. This court has held that this issue is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007)), petition for cert. filed (Aug. 28, 2007) (No. 07-6202).

AFFIRMED.