IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 1, 2008

Charles R. Fulbruge III
Clerk

No. 07-50375

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN GONZALEZ-TERRAZAS,
also known as Juan Gonzalez-Derasas,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas

Before GARZA, STEWART, and OWEN, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

The defendant Juan Gonzalez-Terrazas appeals his sentence of 57 months imprisonment based on his guilty-plea conviction for unlawful reentry of an alien after removal in violation of 8 U.S.C. § 1326. Gonzalez argues that the district court committed plain error in applying a 16-level sentencing enhancement pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(1)(A)(ii) for Gonzalez's alleged commission of a "crime of violence" based on his prior conviction under California law for residential burglary, CAL. PENAL CODE § 459

(West 1999). For the following reasons, we VACATE the sentence and REMAND for RESENTENCING.[1]

Gonzalez was removed from the United States in February 2005. In 2006, he was found in El Paso, Texas. He did not have permission to reenter the United States. Gonzalez was charged with and pleaded guilty to one count of illegal reentry following removal in violation of 8 U.S.C. § 1326. Prior to his removal, Gonzalez was convicted of residential burglary in violation of California Penal Code § 459. Because of that conviction, Gonzalez's presentence report (PSR) recommended a 16-level crime-of-violence enhancement under U.S.S.G. § 2L1.2(b)(1)(A). This enhancement resulted in a guideline range of 57 months to 71 months imprisonment. The district court adopted the recommendation and sentenced Gonzalez to 57 months imprisonment. Gonzalez appeals.

Gonzalez argues that the district court plainly erred in applying the 16-level enhancement because, under this court's decision in United States v. Ortega-Gonzaga, 490 F.3d 393 (5th Cir. 2007), a conviction under California Penal Code § 459 for residential burglary does not constitute a crime of violence for the purposes of U.S.S.G. § 2L1.2(b)(1)(A).

We review the district court's application and interpretation of the sentencing guidelines de novo and its factual findings for clear error. United States v. Juarez Duarte, __F.3d__, 2008 WL 54791, at *3 (5th Cir. Jan. 4, 2008); United States v. Villegas, 404 F.3d 355, 358 (5th Cir. 2005). As Gonzalez concedes, because Gonzalez failed to object to the district court's imposition of the 16-level crime-of-violence enhancement, we review this issue for plain error.

---

[1] Gonzalez also challenges on appeal, as he did below, the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors. As Gonzalez properly concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), and he raises the argument only to preserve it. See United States v. Ortega-Gonzaga, 490 F.3d 393, 394 n.1 (5th Cir. 2007). This argument is "fully foreclosed from further debate." United States v. Pineda-Arrellano, 492 F.3d 624, 625 (5th Cir. 2007).

See United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005). Plain error occurs when: "(1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." Villegas, 404 F.3d at 358 (citing United States v. Olano, 507 U.S. 725, 732–37 (1993)). If each of these conditions is satisfied, we may exercise our discretion to correct the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Garza-Lopez, 410 F.3d at 272 (internal quotation marks omitted).

Applying the plain error analysis, we must first determine whether there was an error. Section 2L1.2(b)(1)(A)(ii) provides for a 16-level sentencing enhancement for a defendant deported after committing—among other things—a "crime of violence." The Application Notes to § 2L1.2 define "crime of violence" to include "burglary of a dwelling" or any felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." See Ortega-Gonzaga, 490 F.3d at 394. The only question here is whether Gonzalez's conviction under California law for residential burglary constituted the enumerated offense of "burglary of a dwelling" under the categorical approach. See id. Under this court's decision in Ortega-Gonzaga, it is clear that it did not.

In Ortega-Gonzaga, this court analyzed the California offense of residential burglary under California Penal Code § 459, applying the categorical approach, and concluded that it did not constitute the enumerated offense of burglary of a dwelling under U.S.S.G. § 2L1.2. Id. at 394–96. In answering the question, the court "look[ed] to the 'generic, contemporary' meaning of burglary of a dwelling, employing a 'common sense approach.'" Id. at 394 (quoting United States v. Santiesteban-Hernandez, 469 F.3d 376, 378–79 (5th Cir. 2006)). The court reasoned that the California offense of residential burglary was not equivalent to the enumerated offense of burglary of a dwelling under U.S.S.G.

§ 2L1.2 because burglary of a dwelling, as defined in the guidelines, requires an unprivileged or unlawful entry, while the California offense simply requires proof of an entry, even a lawful entry.  Id. at 395.  As such, because the burglary offense under California Penal Code § 459 is not the "burglary of a dwelling," and because the Government concedes that § 459 does not have as an element "the use, attempted use, or threatened use of physical force," a § 459 offense does not constitute a crime of violence.

Acknowledging this court's decision in Ortega-Gonzaga, the Government concedes that the burglary offense defined by California Penal Code § 459 does not constitute the enumerated offense of burglary under U.S.S.G. § 2L1.2 because, on its face, the California offense does not require that entry into the residence be without consent.  Nonetheless, the Government argues that the criminal complaint against Gonzalez modified the "entry" element of § 459 by including an allegation that Gonzalez did "willfully and unlawfully enter an inhabited dwelling house . . . ."  (emphasis added).  According to the Government, the state complaint's allegation that Gonzalez willfully and unlawfully entered the dwelling narrowed his California conviction to activity within the definition of the enumerated offense of burglary under U.S.S.G. § 2L1.2.  Therefore, the Government contends that Gonzalez's prior burglary conviction was in fact a crime of violence under § 2L1.2.

The Government's argument fails for two reasons.  First, the Government has not demonstrated that this case falls within that "narrow range of cases" in which a district court may look beyond the elements of an offense to classify that offense for sentence enhancement purposes.  This court uses a categorical approach to determine whether an offense qualifies as an enumerated offense for sentence enhancement purposes under § 2L1.2.  See United States v. Mendoza-Sanchez, 456 F.3d 479, 482 (5th Cir. 2006) (citing Taylor v. United States, 495 U.S. 575, 600–02 (1990)); Garza-Lopez, 410 F.3d at 273.  Using this

approach, "a district court looks to the elements of a prior offense, rather than to the facts underlying the conviction, when classifying a prior offense for sentence enhancement purposes." Garza-Lopez, 410 F.3d at 273. However, in a "narrow range of cases" the district court may go beyond the elements of the offense to make this determination. Id. Specifically, "if the statute of conviction contains a series of disjunctive elements, this court may look to the indictment and, if necessary, the jury instructions, for the limited purpose of determining which of a series of disjunctive elements a defendant's conviction satisfies." Mendoza-Sanchez, 456 F.3d at 482 (citing United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004) (en banc)). We have referred to this latter approach, looking beyond the elements of the offense, as the "modified categorical approach." See, e.g., United States v. Castillo-Morales, 507 F.3d 873, 876 n.2 (5th Cir. 2007).

In Ortega-Gonzaga, this court noted that we use the "'modified categorical approach' only to determine of which subsection of a statute a defendant was convicted." 490 F.3d at 396 n.5. Regarding the California burglary offense at issue in this case, the court noted that "[California Penal Code] § 459 has no subsection requiring 'unlawful entry.'" Id. In this way, the court in Ortega-Gonzaga recognized that the modified categorical approach, as applied by this circuit, does not apply to the "entry" element of California Penal Code § 459.[2]

---

[2] This court's decision in United States v. Murillo-Lopez, 444 F.3d 337 (5th Cir. 2006), which neither party cites, is not to the contrary. There, the court applied the modified categorical approach to California Penal Code § 459, but only where the defendant "[did] not argue that the district court improperly considered the criminal complaint in determining whether his burglary conviction constituted a 'crime of violence.'" Id. at 341. Because the defendant conceded that the modified categorical approach was appropriate in that case, the court was not confronted with the threshold question of whether to apply that approach. In addition, the court did not apply the categorical approach to the "entry" element of § 459, as the district court did here; instead, the court applied the approach to a different part of the statute, which contained disjunctive elements, a part of the statute defining the various structures encompassed within the offense of burglary under § 459. Id. at 340, 344. This approach is consistent with the principle that when a statute refers to burglaries of several

The Government attempts to dismiss the court's discussion of this point as dictum because the court went on to conclude that "[i]n any event, 'unlawful' entry was not a part of Ortega's indictment or conviction." Id. The footnoted language, however, was not dictum; it was one of two alternative holdings, and each is binding. See United States v. Wright, 496 F.3d 371, 375 n.10 (5th Cir. 2007) ("[I]t's well-settled that alternative holdings are binding, they are not dicta.").

In light of Ortega-Gonzaga, the district court erred in applying the 16-level crime-of-violence enhancement based on the defendant's prior conviction under California Penal Code § 459.

Second, even assuming that it were appropriate in this case to look beyond the elements of the state offense, the Government's argument that Gonzalez's California conviction for residential burglary constitutes a "crime of violence" under U.S.S.G. § 2L1.2 nonetheless fails. The Government bears the burden of establishing that this sentence enhancement applies. See United States v. Torres-Diaz, 438 F.3d 529, 535 (5th Cir. 2006). The Government did not meet this burden.

The Government's argument that Gonzalez's California burglary conviction is equivalent to the generic offense of burglary of a dwelling is based on, what appears to be, the initial criminal complaint in the state case. The complaint was filed only four days after the alleged burglary occurred and contains a discovery request to defense counsel. Although the complaint accuses Gonzalez of "willfully and unlawfully" entering "an inhabited dwelling house"

---

different types of structures, this court may look to charging papers to see which of the various statutory alternatives (structures) are involved in the particular case. See United States v. Torres-Diaz, 438 F.3d 529, 534 (5th Cir. 2006). In any event, by failing to cite or mention Murillo-Lopez, the Government has abandoned any argument based on Murillo-Lopez that the rule in Ortega-Gonzaga somehow does not or should not apply. See Yohey v. Collins, 985 F.2d 222, 224–25 (5th Cir. 1993) (issues and arguments not briefed adequately are waived).

there is nothing in the record to suggest that Gonzalez pled guilty to this particular complaint or, more specifically, to the particular allegations in the complaint that went beyond the bare elements of the offense.

All the Government offers to establish Gonzalez's prior conviction for burglary is a California abstract of judgment. The abstract of judgment, however, is not even the abstract for Gonzalez's prior burglary conviction. Instead, it is an abstract of judgment for a probation revocation, which incidentally lists the prior burglary conviction. California abstracts of judgment are of questionable reliability. See United States v. Gutierrez-Ramirez, 405 F.3d 352, 359 (5th Cir. 2005) ("[C]onsidering the low level of reliability associated with abstracts of judgment in California, we are satisfied they should not be added to the list of documents Shepard authorizes the sentencing judge to consult."). Although the abstract may be sufficient to establish the mere fact that there was a prior burglary conviction, the abstract offers no clue as to the circumstances of the plea, such as to which document the defendant actually pleaded or to which facts related to the underlying offense the defendant admitted.

Because there is no evidence from which we can determine whether the defendant actually pleaded to "wilfully and unlawfully" entering the dwelling house, the Government failed to establish that Gonzalez was convicted of a burglary offense that satisfies the crime-of-violence definition in U.S.S.G. § 2L1.2. The district court's contrary finding was error.

Thus, the district court erred in applying the 16-level crime-of-violence enhancement.

Turning to the second prong of the plain error analysis, we must determine whether the error was clear and obvious. We conclude that this error was clear and obvious in light of our decision in Ortega-Gonzaga. Although Ortega-Gonzaga was decided after Gonzalez was sentenced, the error need only

be plain at the time of appellate consideration. See Johnson v. United States, 520 U.S. 461, 468 (1997); see also United States v. Martinez-Vega, 471 F.3d 559, 561 (5th Cir. 2006) ("[T]he Supreme Court has made clear that we determine whether the error was plain at the time of appellate consideration—not at the time of trial.").

Finally, applying the last prong of the plain error analysis, we conclude that the error affected the defendant's substantial rights because there is "a reasonable probability that, but for the district court's misapplication of the Guidelines, [Gonzalez] would have received a lesser sentence." Garza-Lopez, 410 F.3d at 275. With the erroneous enhancement, Gonzalez faced a guideline range of 57 to 71 months imprisonment. Without the enhancement, Gonzalez faced a guideline range of 24 to 30 months. This significant disparity in guideline ranges based on the erroneous enhancement is sufficient to establish that Gonzalez's substantial rights were affected. See id. (substantial rights affected where the defendant received a seventy-seven month term of imprisonment, but absent plain error, the defendant's guideline range would have been at most thirty-three to forty-one months); Villegas, 404 F.3d at 364 ("In the absence of [the error], Villegas's sentencing range would have been reduced from between twenty-one and twenty-seven months to between ten and sixteen months. Because these two sentencing ranges do not overlap, the district court's error necessarily increased Villegas's sentence and thus affected his substantial rights."). Therefore, the district court's application of the 16-level crime-of-violence enhancement constitutes plain error.

In light of this substantial disparity, this plain error also affects the fairness of the judicial proceedings and warrants the exercise of our discretion to correct the error. See Garza-Lopez, 410 F.3d at 275 (concluding that the imposition of a sentence that was substantially greater than the guideline range affected the defendant's substantial rights "and the fairness of the judicial

proceedings"). For these reasons, we VACATE Gonzalez's sentence and REMAND for RESENTENCING.