OWEN, Circuit Judge,
concurring.
I join the court’s opinion because we are bound by one of two alternative holdings in this Circuit’s prior decision in United States v. Ortega-Gonzaga.[1] I respectfully submit, however, that the holding in Ortega-Gonzaga is at odds with Congressional intent in establishing the Sentencing Guidelines and the intent of the Guidelines with regard to what courts have termed “enumerated offenses.” I urge our court to consider the issue en banc.
The case before us presents an important question; in determining if a prior conviction was for an enumerated “generic” offense within the meaning of the Guidelines, may we examine the underlying conviction to determine if it contained all the elements of the generic offense even though the statute of conviction did not? We have often examined records of a prior conviction when the statute of conviction could be violated in ways that constituted a generic enumerated offense and in ways that did not to determine if a defendant was convicted of a generic offense.[2] However, it was not until Ortega-Gonzaga that we considered whether a prior conviction could be for a generic offense even if the statute of conviction was lacking one or more elements of the generic offense. I respectfully submit that if a defendant was charged with and a jury found all elements of a generic offense, or the defendant was charged with and pled guilty to such an offense, there has been a prior “conviction for” the generic offense even if the statute *300 under which the defendant was prosecuted lacks all the requisite elements.
The Sentencing Guidelines provision at issue in our case is § 2L1.2(b)(l)(A), and it provides in relevant part:
(b) Specific Offense Characteristic
(1) Apply the Greatest:
If the defendant previously was deported, or unlawfully remained in the United States, after—
(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels ....
A “crime of violence” is defined in the Commentary to include “burglary of a dwelling.”[3]
I agree with the conclusion in Ortega-Gonzaga that the Guidelines intended that the contemporary, generic meaning of “burglary of a dwelling” was to be applied and that the Supreme Court’s interpretation of the contemporary, generic meaning of “burglary” in Taylor v. United States[4] was what was intended by the Guidelines, with the added restriction that the burglary must have been of a dwelling.[5] I am persuaded, however, that Ortega-Gonzaga unduly restricted the examination of what is “a conviction for a felony that is ... burglary of a dwelling” to the elements contained in the statute of conviction.
Congress stated in the statute creating the Sentencing Commission that the intent of the Guidelines was, among other things, to “avoid[] unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct,”[6] I submit that if a defendant was charged with and a jury found all the elements of generic burglary of a dwelling, or if a defendant so charged admitted to all elements of burglary of a dwelling, that defendant has a prior “conviction for” burglary of a dwelling within the meaning of U.S.S.G. § 2L1.2(b)(l)(A), even though the statute under which the defendant was prosecuted does not have all the elements of generic burglary of a building. Defendants charged with the elements of generic burglary and who have either been found guilty or who have pled guilty to the elements of generic burglary are defendants “with similar records who have been found guilty of similar criminal conduct” regardless of whether the statutes under which they have been convicted have all the elements of generic burglary. In other words, a “conviction for” an enumerated offense can be narrower than the statute of conviction, and the purpose of the Sentencing Guidelines is to treat “conviction[s] for” an enumerated offense the same. In Ortega-Gonzaga, our court refused, in an alternative ruling, to look beyond the underlying statute of conviction to determine whether the actual conviction had been for the generic offense of burglary of a dwelling. In doing so, our court did not give effect to the statutory purpose of the Guidelines or the meaning of the Guidelines themselves.
*301 In Ortega-Gonzaga, the defendant had previously been convicted under a California statute that did not have all the elements of the generic crime of “burglary of a dwelling” because it permitted a conviction for burglary when entry was not “unlawful or unprivileged.”[7] A panel of our court held, in two sentences in a footnote, that this was the end of the inquiry to determine if the 16-level enhancement applied.[8] Since there was “no subsection” of the California statute “requiring ‘unlawful’ entry,” the panel said that we cannot look to the elements with which the defendant was actually charged and convicted.[9] In an alternative holding, however, the panel did actually examine the conviction record and concluded that “ ‘unlawful’ entry was not part of Ortega’s indictment or conviction.”[10]
At least two other circuit courts have held that courts may look beyond a statute that does not have the requisite elements of a generic enumerated offense to determine if the conviction did have those elements.[11] The Ninth Circuit recognized, as this court recognizes in the case before use today, that California Penal Code § 459 “is far too sweeping to satisfy the Taylor definition of generic burglary,” but the Ninth Circuit nevertheless held that it should “consider whether other documentation clearly establishes that Velasco-Medina’s underlying burglary conviction involved the requisite elements of generic burglary.”[12] That court concluded that the prior conviction was for willfully and unlawfully entering a commercial building occupied by a commercial tenant “with the intent to commit larceny and any felony” and that a sixteen-level enhancement was properly imposed under U.S.S.G. § 2L1.2(b)(l)(A).[13] The Seventh Circuit in United, States v. White similarly examined the charging papers and guilty plea to determine whether a prior conviction was for burglary when the statutes of conviction, California burglary statutes, did not contain all elements of generic burglary.[14] That court concluded the prior offenses were for generic burglary.[15]
The Supreme Court’s decisions in Taylor v. United States[16] and Shepard v. United States[17] do not unambiguously resolve the question before us. In Taylor, the Court recognized that its so-called “categorical approach” permitted examination of something other than the fact of conviction and the elements of the statute of conviction in some cases in which “the state statute under which a defendant is convicted varies from the generic definition” of an offense, in that case burglary,[18] and the state statute defines the offense “more broadly, e.g., by eliminating the requirement that the entry be unlawful, or by including places, such as automobiles and vending machines, other than build *302 ings.”[19] The Court held that the “categorical approach,” meaning that “the trial court [ ] look[s] only to the fact of conviction and the statutory definition of the prior offense,”[20] “may permit the sentencing court to go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of generic burglary.”[21]
If the Court had stopped there, it would seem clear that even if the statute of conviction did not include unlawful entry as an element of burglary, a conviction would nevertheless constitute burglary if a jury found that the defendant had entered unlawfully. However, in an example, although not necessarily a limiting one, the Court said that if a statute “include[d] entry of an automobile as well as a building” but “the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be allowed to use the conviction for enhancement.”[22] In that example, of course, the statute expressly criminalized entry of a building, and the conviction itself was examined only to determine if the conviction was for that offense rather than entry of an automobile, the latter of which the Court said was not generic burglary. What is not specifically addressed by example in the Taylor decision, and what we are left to ponder, is whether a conviction is to be used to enhance the sentencing range if the statute included a building as the locale and did not require unlawful entry, but a defendant was nevertheless charged with and a jury found unlawful entry of a building.
The final two paragraphs of the Court’s holding in Taylor may be in some tension with one another in this regard as well. The Court said, “[w]e therefore hold that an offense constitutes ‘burglary’ for purposes of a § 924(e) [Armed Career Criminal Act] sentence enhancement if either its statutory definition substantially corresponds to ‘generic’ burglary, or the charging paper and jury instructions actually required the jury to find all the elements of generic burglary in order to convict the defendant.”[23] This seems to unequivocally say that even if a statutory definition does not contain all elements of a generic offense, a prior conviction may nonetheless be used for sentencing enhancement if the charging papers and jury findings contain all the elements of the generic offense.
The subsequent paragraph of Taylor, however, may muddy the waters because it refers to the fact that “not all the former Missouri statutes defining second-degree burglary include all the elements of generic burglary,” and “it is not apparent to us from the sparse record before us which of those statutes were the bases for Taylor’s prior convictions.”[24] If the Court meant by this that the statutes were the beginning and ending points, and there is no need to consider the charging documents and jury findings, then Ortegar-Gonzaga was correct. If, however, the Court’s language simply did not give a detailed directive as to the steps necessary to give effect to its opinion in the event the statute of conviction did not include all the elements of generic burglary, then Ortegar-Gonzaga has unduly restricted the analysis *303 of what constitutes a conviction for a generic offense.
The Supreme Court’s decision in Shepard does not shed light on the present question.[25] It simply held that courts may consider certain documentation in determining if a generic offense has been committed in cases in which the defendant pled guilty.[26] It does not tell us whether courts may conclude there has been a conviction for a generic enumerated offense if the defendant was charged with and pled guilty to all the elements of a generic offense, but the statute of conviction lacks one or more of those elements.
In closing, to summarize, Congress has directed that one of the purposes of the Sentencing Guidelines is to “avoid[] unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct.”[27] This means, to me, that when a defendant is charged with and is either found guilty of or admits to facts that constitute a generic offense, that offense should be treated as a generic offense even if the statute under which the defendant was prosecuted does not contain all those elements. The defendant in such a case has “been found guilty of similar [generic] conduct.”[28] But for Ortega-Gonzaga, I would so hold. Because I am foreclosed by Circuit precedent, I do not reach whether Gonzalez-Terrazas’s prior California conviction was one for generic burglary of a dwelling.

. 490 F.3d 393, 396 n. 5 (5th Cir.2007).

. See, e.g., United States v. McGee, 460 F.3d 667, 668-69 (5th Cir.2006) (examining the defendant’s indictment and plea agreement to determine that the defendant had burglarized a "building or other structure,” rather than a booth, tent, boat, or railroad car, for purposes of an Armed Career Criminal Act enhancement); United States v. Rodriguez-Duberney, 326 F.3d 613, 617 (5th Cir.2003) (holding that the district court did not err in "look[ing] to the indictment to see if a Travel Act violation involved drug trafficking.”); see also United States v. Calderon-Pena, 383 F.3d 254, 258 (5th Cir.2004) (en banc) (noting that "whenever a statute provides a list of alternative methods of commission ... we may look to charging papers to see which of the various statutory alternatives are involved in the particular case.").

. U.S.S.G. § 2L1.2 cmt. l(B)(iii) (" 'Crime of violence' means any of the following: ... burglary of a dwelling ....”).

. 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) (construing ''burglary” within the meaning of the Armed Career Criminal Act, 18 U.S.C. § 924(e)).

. Ortega-Gonzaga, 490 F.3d at 395.

. 28 U.S.C. § 991(b)(1)(B) (emphasis added).

. 490 F.3d at 394.

. Id. at 396 n. 5.

. Id.

. Id.

. United States v. Velasco-Medina, 305 F.3d 839 (9th Cir.2002); United States v. White, 997 F.2d 1213 (7th Cir.1993).

. Velasco-Medina, 305 F.3d at 851.

. Id. at 852-53.

. 997 F.2d at 1217-18.

. Id. at 1218 (“Each of them [five of twelve counts] satisfies Taylor s definition of generic burglaiy.”).

. 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

. 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

. 495 U.S. at 599, 110 S.Ct. 2143.

. Id.

. Id. at 602, 110 S.Ct. 2143.

. Id.

.Id.

. Id. (emphases added).

. Id. (emphasis added).

. Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005).

. Id. at 26, 125 S.Ct. 1254.

. 28 U.S.C. § 991(b)(1)(B).

. See id.