IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 8, 2008

Charles R. Fulbruge III
Clerk

No. 07-50426
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIO HUMBERTO ARREOLA-TRASVINA,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 3:06-CR-2275-ALL

Before SMITH, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mario Humberto Arreola-Trasvina pleaded guilty, without a written plea agreement, of unlawfully reentering the United States following deportation in violation of 8 U.S.C. § 1326. The district court imposed a 16-level enhancement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

pursuant to U.S.S.G. § 2L1.2(b)(1)(A) based on Arreola-Trasvina's prior conviction of burglary under § 459 of the California Penal Code. Arreola-Trasvina challenges that enhancement.

Because Arreola-Trasvina did not raise the issue in the district court, we review for plain error, which requires (1) error (2) that is clear or obvious, and (3) that affects substantial rights. See United States v. Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005). If those conditions are met, we will reverse only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id.

In light of United States v. Gonzalez-Terrazas, No. 07-50375, 2008 WL 2132833, at *2-*3 (5th Cir. May 22, 2008) (on petition for rehearing), and United States v. Ortega-Gonzaga, 490 F.3d 393, 395-96 (5th Cir.), cert. denied, 128 S. Ct. 410 (2007), burglary under § 459 does not constitute burglary of a dwelling under U.S.S.G. § 2L1.2. We reject the government's suggestion that we employ the modified categorical approach and look to the charging documents to characterize the burglary offense. See Gonzalez-Terrazas, 2008 WL 2132833, at *3; Ortega-Gonzaga, 490 F.3d at 396 n.5. Pursuant to Ortega-Gonzaga and Gonzalez-Terrazas, the enhancement is clear or obvious error, although the district court did not have the benefit of those decisions at the time of sentencing. See United States v. Avants, 278 F.3d 510, 521 (5th Cir. 2002).

The error affected Arreola-Trasvina's substantial rights, because absent the 16-level enhancement, his sentencing range would have been substantially lower than 70 to 87 months. See United States v. Gonzalez-Terrazas, No. 07-50375, 2008 WL 282202, at *4 (5th Cir. Feb. 1, 2008), withdrawn on other grounds, 2008 WL 2132833 (5th Cir. May 22, 2008). Finally, the sentencing disparity warrants the exercise of our discretion to correct it. See id.

The sentence is VACATED, and this matter is REMANDED for resentencing consistent with this opinion.