**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 7, 2009

Charles R. Fulbruge III
Clerk

No. 08-50773
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JUAN MANUEL MEDELLIN-HERRERA, also known as Jose Mendoza-Herrera

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:08-CR-289-1

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Medellin-Herrera (Medellin) appeals the sentence imposed following his guilty plea conviction for illegal reentry. Medellin argues that the district court erred in applying a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his prior Nebraska state conviction for aiding and abetting burglary. He asserts that his prior conviction does not constitute the enumerated offense of burglary of a dwelling because the Nebraska statute does

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not track the generic, contemporary definition of this offense. Medellin contends that the Nebraska statute does not require the necessary intent with regard to unlawful or unprivileged entry. He also contends for the first time on appeal that the Nebraska statute's reference to "improvements" is broader than the generic definition of buildings or structures.

Medellin argued before the district court that his prior offense was not a crime of violence and that the intent requirement with respect to entry was missing from the Nebraska statute. Because he did not specifically argue that statute's language regarding "improvements" was overly broad, this issue arguably is subject to plain error review. *See United States v. Gracia-Cantu*, 302 F.3d 308, 310 (5th Cir. 2002). However, it is unnecessary to decide this question because Medellin's arguments fail under de novo review, as well as plain error review. *See United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009); *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378 (5th Cir. 2006).

Under § 2L1.2(b)(1)(A)(ii), a defendant's base offense level is increased by 16 levels if he was previously deported after being convicted of a crime of violence. The Government argues only that Medellin's prior conviction is an enumerated crime of violence. *See* § 2L1.2, comment. (n.1(B)(iii)). We apply a three-step process to determine whether an offense qualifies as an enumerated crime of violence: (1) the statute and its elements are analyzed categorically; (2) the charging papers may be examined to narrow the definition and "to determine which of the crime's underlying facts were necessary to the plea or verdict"; and (3) the definition of the crime is compared to the "'generic, contemporary' meaning of the enumerated offense." *United States v. Carbajal-Diaz*, 508 F.3d 804, 807-10 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1731 (2008).

This court has adopted the generic, contemporary definition of burglary defined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575, 598 (1990), as "an unlawful or unprivileged entry into, or remaining in, a building

2

or other structure, with the intent to commit a crime." *United States v. Ortega-Gonzaga*, 490 F.3d 393, 394-95 (5th Cir.), *cert. denied*, 128 S. Ct. 410 (2007). Dwelling has been defined to include "a structure, tent, or vessel where someone lives." *United States v. Castillo-Morales*, 507 F.3d. 873, 877 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 1106 (2008). NEBRASKA REV. STAT. ANN. § 28-507 provides that: "[a] person commits burglary if such person willfully, maliciously, and forcibly breaks and enters any real estate or any improvements erected thereon with intent to commit any felony or with intent to steal property of any value." Although the statute does not use the words "unlawful or unprivileged entry," the force required by the statute indicates that the entry is nonconsensual. Accordingly, Medellin's assertion that the statute lacks the requisite intent regarding entry is without merit. *Cf. Ortega-Gonzaga*, 490 F.3d at 394-96 (holding California burglary offense was not a crime of violence where the entry was not required to be nonconsensual).

With respect to Medellin's second argument, the Government concedes that the statute encompasses burglaries beyond those of a dwelling. *See* § 28-507. However, because the statute is written in the disjunctive, it is permissible to look to the charging document to see what portion of the statute Medellin was charged with violating. *See United States v. Murillo-Lopez*, 444 F.3d 337, 339-45 (5th Cir. 2006). The charging document shows that Medellin was charged with aiding and abetting the breaking and entering of a residence. Therefore, Medellin's prior offense qualifies as burglary of a dwelling and is a crime of violence. *See Carbajal-Diaz*, 508 F.3d at 810-12. Because Medellin has not established error or plain error with respect to the district court's application of the 16-level enhancement in § 2L1.2, the district court's judgment is AFFIRMED.