**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2010

Charles R. Fulbruge III
Clerk

No. 09-40236
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORIO CRUZ-ALONZO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:08-CR-1620-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Gregorio Cruz-Alonzo (Cruz) appeals the sentence imposed by the district court upon his guilty-plea conviction for reentering the United States following deportation.  *See* 8 U.S.C. § 1326.  Cruz asserts that the district court plainly erred when it increased his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2008) based on his previous Utah conviction for second degree burglary.  He argues that second degree burglary in Utah does not constitute the enumerated offense of burglary as defined in *Taylor v. United States*, 495 U.S. 575 (1990) and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

thus is not a crime of violence for purposes of the sentencing enhancement provided in § 2L1.2(b)(1)(A)(ii).

Cruz concedes that our review is for plain error only. We "find plain error only if: (1) there was error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights." *United States v. Garcia-Mendez*, 420 F.3d 454, 456 (5th Cir. 2005) (internal quotation marks and citation omitted). "When these elements are present, this Court may exercise its discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal citations and quotation marks omitted).

Section § 2L1.2 authorizes a 16-level increase if the defendant was deported following a "crime of violence." The commentary to § 2L1.2 defines "crime of violence" as either an enumerated felony, including "burglary of a dwelling," or a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment. (n.(1)(B)(iii)). The Government concedes that Utah's second degree burglary offense does not have as an element the use of physical force against another person and that the issue on appeal is whether Cruz's prior conviction was the enumerated felony of "burglary of a dwelling."

Because § 2L1.2 does not define the enumerated offense "burglary of a dwelling," federal courts must do so. *See United States v. Dominguez-Ochoa*, 386 F.3d 639, 642-43 (5th Cir. 2004). To arrive at a definition, this court uses the categorical approach set forth in *Taylor*, 495 U.S. at 592-98. *See Dominguez-Ochoa*, 386 F.3d at 642-46. Under that approach, federal courts are to determine the generic, contemporary meaning of an enumerated offense irrespective of the label placed on the offense by state criminal codes. *See Taylor*, 495 U.S. at 592, 598-99. In *Taylor*, the Supreme Court considered the meaning of the term "burglary" under the firearms statute, 18 U.S.C. § 924(e). *See id.* at 577. The Court determined that "the generic, contemporary meaning of burglary contains

2

at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with the intent to commit a crime." *Id.* at 598. *Taylor*'s definition of burglary controls when defining the burglary part of burglary of a dwelling under the Guidelines. *United States v. Ortega-Gonzaga*, 490 F.3d 393, 395 (5th Cir. 2007).

Cruz argues that Utah's burglary statute permits the formation of the requisite criminal intent after the trespass has occurred and been completed. He argues that it is therefore outside of the "generic, contemporary definition" of burglary as set forth in *Taylor*.

At the time that Cruz was sentenced, the law on this issue was not settled. Thus, any error in the district court's assessment of the 16-level enhancement based on Cruz's prior Utah conviction for burglary of a dwelling was not clear or obvious. *See United States v. Garcia-Rodriguez*, 415 F.3d 452, 455 (5th Cir. 2005).

AFFIRMED.