# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50993
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS DANIEL VALLE-JAIMES,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-980-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:*

Luis Daniel Valle-Jaimes appeals the 77-month sentence of imprisonment imposed following his guilty plea conviction for being found unlawfully present in the United States following deportation. Although Valle-Jaimes did not file a timely notice of appeal, the time limit is not jurisdictional, and the Government has waived the issue. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50993

Citing *United States v. Herrold.* 883 F.3d 517 (5th Cir. 2018) (en banc), *petition for cert. filed* (Apr. 18, 2018) (No. 17-1445)*,* Valle-Jaimes argues that the district court erred in applying the 16-level enhancement to his base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) based on his prior Texas burglary conviction because the Texas burglary statute is categorically broader than the generic definition of the enumerated crime of violence, a burglary of a dwelling.  The Government concedes the error but preserves its right to seek further possible review of the *Herrold* decision.

Because Valle-Jaimes did not raise this argument in the district court, we review for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To satisfy that standard, Valle-Jaimes must show a (1) forfeited error (2) that is clear or obvious and (3) that affects his substantial rights.  *See id.*  If he makes such a showing, we may correct the error but only if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See id.*

Valle-Jaimes has shown that the district court committed clear or obvious error in applying the 16-level enhancement based on his prior Texas burglary conviction.  *See Herrold*, 883 F.3d at 520-37, 541-42; *United States v. Escalante-Reyes*, 689 F.3d 415, 423 (5th Cir. 2012) (en banc); *United States v. Ortega-Gonzaga*, 490 F.3d 393, 394-95 (5th Cir. 2007).  Further, he has shown that the error affected his substantial rights because the correct sentencing guidelines range is significantly lower.  *See Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345, 1347 (2016).  Because the error resulted in a higher guidelines range and outweighs any other countervailing factors, we exercise our discretion to correct the plain error.  *See Rosales-Mireles v. United States*, No. 16-9493, 2018 WL 3013806, at *10 (U.S. June 18, 2018).

No. 16-50993

Accordingly, the sentence is VACATED, and the case is REMANDED to the district court for resentencing.  The Government's motion to stay further proceedings pending the petition for certiorari filed in *Herrold*, is DENIED. *See United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).