# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50741
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MARTIN MALDONADO-FLORES, also known as Jose Maldonado,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-167-1

Before JOLLY, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Jose Martin Maldonado-Flores appeals the 70-month sentence of imprisonment imposed following his guilty plea for being found unlawfully present in the United States following deportation. Citing *Peugh v. United States*, 569 U.S. 530 (2013), Maldonado-Flores argues that the district court violated the Ex Post Facto Clause by applying the 2016 Sentencing Guidelines in determining his sentencing guidelines range because the 2015 Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50741

Guidelines, that were in effect at the time he was found unlawfully in the United States, would have resulted in a lower sentencing guidelines range. He seeks to be resentenced. His unopposed motion to file a corrected reply brief is GRANTED.

Because Maldonado-Flores did not argue in the district court that he was subject to an ex post facto violation, review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To satisfy that standard, Maldonado-Flores must show a (1) forfeited error (2) that is clear or obvious, and (3) that affects his substantial rights. *See id.* If he makes such a showing, this court has the discretion to correct the error but only if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

While this appeal was pending, in *United States v. Herrold*, 883 F.3d 517, 520-37, 541-42 (5th Cir. 2018) (en banc), *petition for cert. filed* (Apr. 18, 2018) (No. 17-1445), we held that the Texas offense of burglary is not a generic burglary offense. Therefore, Maldonado-Flores was not subject to a 16-level enhancement of his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) based on his prior burglary conviction. *See id.; United States v. Ortega*, 490 F.3d 393, 394-95 (5th Cir. 2007). In the absence of this enhancement, Maldonado-Flores's sentencing guidelines range under the 2015 Guidelines would have been less than his sentencing guideline range under the 2016 Guidelines. The Government's argument that the decision in *Herrold* is not controlling is without merit because it is well established that the "plainness" of an error will be determined based on the settled law at the time of appeal. *See Henderson v. United States*, 568 U.S. 266, 273 (2013); *Johnson v. United States*, 520 U.S. 461, 468 (1997). *Herrold* is the controlling law in this circuit and, therefore, the district court committed clear or obvious error in applying

No. 17-50741

the Guidelines in violation of the Ex Post Facto Clause. *See Peugh*, 569 U.S. at 533; *Puckett*, 556 U.S. at 135.

Further, Maldonado-Flores has shown that the error affected his substantial rights because the correct sentencing guidelines range is significantly lower than the range determined by the district court. *See Molina-Martinez v. United States,* 136 S. Ct. 1338, 1345, 1347 (2016). Because the error resulted in a higher guidelines range and outweighs any other countervailing factors, we exercise our discretion to correct the plain error. *See United States v. Rosales-Mireles*, 138 S. Ct. 1897, 1910-11 (2018).

Accordingly, the sentence is VACATED and the case is REMANDED to the district court for resentencing. The Government's motion to stay further proceedings pending the disposition of several petitions for certiorari, including in *Herrold*, is DENIED.