# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10452
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RENE ORLANDO MEDINA-MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-398-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Rene Orlando Medina-Mendoza appeals the sentence imposed after he pleaded guilty to being in the United States illegally after deportation. Citing *Peugh v. United States*, 569 U.S. 530 (2013), he argues that the district court violated the Ex Post Facto Clause by applying the 2016 Sentencing Guidelines in determining his sentencing guidelines range because the 2015 Sentencing Guidelines, which were in effect at the time he was found unlawfully in the United States, would have resulted in a lower sentencing guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10452

Because Medina-Mendoza did not argue in the district court that he was subject to an ex post facto violation, we review for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Under that standard, Medina-Mendoza must show (1) a forfeited error (2) that is clear or obvious, and (3) that affects his substantial rights. *Id.* If he does so, we have the discretion to correct the error but only if (4) it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

While this appeal was pending, we held that the Texas offense of burglary is not a generic burglary offense. *United States v. Herrold*, 883 F.3d 517, 520-37, 541-42 (5th Cir. 2018) (en banc), *petition for cert. filed* (Apr. 18, 2018) (No. 17-1445) *and* (May 21, 2018) (No. 17-9127). Therefore, under the 2015 Guidelines, Medina-Mendoza would not be subject to a 16-level enhancement of his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2015) based on his prior burglary conviction. *See id.*; *United States v. Ortega-Gonzaga*, 490 F.3d 393, 394-95 (5th Cir. 2007). Thus, Medina-Mendoza's guidelines range under the 2015 Guidelines would have been less than his guidelines range under the 2016 Guidelines. The Government's argument that *Herrold* is not controlling is without merit because the "plainness" of an error is based on the settled law at the time of appeal. *See Henderson v. United States*, 568 U.S. 266, 273 (2013). *Herrold* is the controlling law in this circuit and, therefore, the district court committed clear or obvious error in applying the Guidelines in violation of the Ex Post Facto Clause. *See Peugh*, 569 U.S. at 533; *Puckett*, 556 U.S. at 135.

Further, the error affected Medina-Mendoza's substantial rights because the correct sentencing guidelines range is significantly lower than the range determined by the district court, and we exercise our discretion to correct the plain error. *See Puckett*, 556 U.S. at 135.

No. 17-10452

Accordingly, the sentence is VACATED and the case is REMANDED to the district court for resentencing.