United States Court of Appeals
Fifth Circuit

**F I L E D**

July 6, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

**No. 05-41044**
**Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**DENNIS OSCAR GUERRA,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(2:04-CR-423-ALL)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Dennis Oscar Guerra appeals his sentence following his jury-trial conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C.§ 922(g)(1). Based on Guerra's prior convictions, the district court sentenced him pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

Guerra contends the district court plainly erred by finding his 1997 possession-of-heroin-with-intent-to-deliver conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

qualified as an ACCA predicate offense. He claims the Texas statute under which he was convicted broadly defined "deliver" to include an offer to sell drugs — conduct that did not qualify for the § 924(e) enhancement. Because the Government failed to prove the specifics of his conduct, Guerra contends it also failed to prove his offense was a qualifying ACCA predicate offense.

Because Guerra did *not* object in district court to the use of this 1997 conviction as an ACCA predicate offense, we review only for plain error. *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Rodriguez*, 15 F.3d 408, 414-15 (5th Cir. 1994). Guerra points to no precedent in which this, or any other, court has found that the Texas statute under which he was convicted encompassed conduct not constituting an ACCA predicate offense. Absent such precedent, Guerra cannot establish the district court's finding was error, much less plain ("clear" or "obvious") error. *See United States v. Miller*, 406 F.3d 323, 330 (5th Cir.) ("Absent any precedent directly supporting [appellant's] contention, it cannot be said that the alleged error was 'plain' for purposes of our review."), *cert. denied*, 126 S. Ct. 207 (2005).

Guerra next contends the court erred by classifying his 1985 burglary-of-a-habitation conviction as a violent felony under the ACCA. This issue is foreclosed by *United States v. Silva*, 957 F.2d 157, 161-62 (5th Cir.) (holding a Texas conviction for burglary of

2

a habitation is a violent felony for ACCA purposes), *cert. denied*, 506 U.S. 887 (1992).

Guerra also challenges the constitutionality of § 924(e)(1)'s treatment of violent felonies and serious drug offenses as sentencing factors rather than as elements of an offense, and asserts § 922(g)(1) is unconstitutional facially and as applied because it does not require a "substantial" effect on interstate commerce. As Guerra concedes, his assertions are foreclosed by circuit precedent; he raises them only to preserve them for further review. *See **United States v. Stone***, 306 F.3d 241, 243 (5th Cir. 2002) (citing ***United States v. Affleck***, 861 F.2d 97, 99 (5th Cir. 1988), *cert. denied*, 489 U.S. 1058 (1989)); ***United States v. Daugherty***, 264 F.3d 513, 518 (5th Cir. 2001), *cert. denied*, 534 U.S. 1150 (2002).

*AFFIRMED*