# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2010

No. 09-50261

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JULIO ECHEVERRIA-GOMEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before JOLLY, HIGGINBOTHAM, and SMITH, Circuit Judges

PER CURIAM:

Jose Julio Echeverria-Gomez appeals the forty-eight-month sentence he received after pleading guilty to a charge of illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326. Echeverria-Gomez argues that the district court committed plain error by treating his prior conviction for first-degree burglary under California Penal Code §§ 459 & 460(a) as a conviction for an aggravated felony within the meaning of § 2L1.2(b)(1)(C) of the United States Sentencing Guidelines. We conclude that the district court was correct to apply the § 2L1.2(b)(1)(C) sentence enhancement, so we affirm Echeverria-Gomez's sentence.

No. 09-50261

I.

Echeverria-Gomez waded across the Rio Grande River and entered the United States in El Paso, Texas, on December 3, 2008. A United States Customs and Border Protection Agent stopped him for questioning. Echeverria-Gomez admitted to being a citizen and national of Mexico without immigration documents allowing him to legally enter or remain in the United States. The agent arrested him and subsequently discovered that Echeverria-Gomez had been removed from the United States less than two months earlier. The government charged him with illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326(a).[1] Under the statute's corresponding Sentencing Guidelines provision, § 2L1.2, the offense of illegal reentry carries a base offense level of eight.[2] Because Echeverria-Gomez's removal followed his conviction by the state of California for committing the crime of first-degree burglary, the government sought an enhanced penalty.[3]

The district court concluded that Echeverria-Gomez's first-degree-burglary conviction was a conviction for an "aggravated felony" within the meaning of § 2L1.2(b)(1)(C) and increased his base offense level by eight levels. This enhanced base offense level combined with Echeverria-Gomez's acceptance of responsibility and criminal-history score to yield an advisory sentencing range under the Guidelines of thirty-three to forty-one months. Echeverria-Gomez did not object to the district court's calculation of his Guidelines sentencing range.

---

[1] *See* 8 U.S.C. § 1326(a) ("[A]ny alien who . . . has been . . . removed . . . while an order of exclusion, deportation, or removal is outstanding, and thereafter . . . enters, attempts to enter, or is at any time found in the United States . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both.").

[2] *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a) (2009).

[3] *See* 8 U.S.C. § 1326(b)(2) ("Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection . . . whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both . . . .").

2

The district court opted to vary upwardly from the Guidelines and sentenced Echeverria-Gomez to a term of forty-eight months imprisonment and three years of supervised release.

## II.

On appeal, Echeverria-Gomez contends the district court erred by enhancing his sentence under § 2L1.2(b)(1)(C) based on his California conviction for first-degree burglary. Because Echeverria-Gomez did not object to the district court's decision to apply the § 2L1.2(b)(1)(C) sentence enhancement, we review that decision only for plain error.[4] Plain-error review allows us to correct an error to which the defendant failed to object in the district court if the error is plain, affects the defendant's substantial rights, and seriously affects the fairness, integrity, or public reputation of judicial proceedings.[5] We conclude that the necessary predicate to plain-error review is missing here, as the district court did not err by enhancing Echeverria-Gomez's sentence.[6]

## A.

Section 2L1.2(b)(1)(C) of the Sentencing Guidelines provides for an eight-level increase to the base offense level of any defendant who "was previously

---

[4] *See, e.g.*, *United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir.) ("Forfeiture is the failure to make the timely assertion of a right . . . . Forfeited errors are reviewed under the plain error standard . . . ."), *cert. denied sub nom. Salazar-Palacios v. United States*, 547 U.S. 1156 (2006).

[5] *See, e.g*, *United States v. Mares*, 402 F.3d 511, 520 (5th Cir.) (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)), *cert. denied*, 546 U.S. 828 (2005).

[6] The district court's imposition of a sentence above the range recommended by the Guidelines does not substantially alter our review. The district court must correctly calculate the applicable Guidelines range even when it chooses to depart upwardly from that range. *See Gall v. United States*, 552 U.S. 46, 51 (2007) ("Regardless of whether the sentence imposed is inside or outside the Guidelines range, the appellate court must . . . first ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range . . . .").

No. 09-50261

deported, or unlawfully remained in the United States, after . . . a conviction for an aggravated felony."[7]  As used in § 2L1.2(b)(1)(C), an aggravated felony "has the meaning given that term in 8 U.S.C. § 1101(a)(43)."[8]   In turn, § 1101(a)(43)(F) defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year."[9]  And under 18 U.S.C. § 16:

> The term "crime of violence" means—
> (a)  an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Therefore, we must consider whether Echeverria-Gomez's conviction of burglary first degree satisfies the definition of either § 16(a) or § 16(b).

Echeverria-Gomez's conviction does not qualify as a crime of violence under § 16(a).  Under California law, the crime of first-degree burglary does not have as an element the use, attempted use, or threatened use of physical force against the person or property of another.[10]  Therefore, the propriety of the district court's decision to enhance Echeverria-Gomez's sentence under § 2L1.2(b)(1)(C) turns on whether first-degree burglary, as defined by the

---

[7] *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(C) (2009).

[8] *See id.* § 2L1.2 cmt. 3(A).

[9] 8 U.S.C. § 1101(a)(43)(F). Under California law, a conviction for first-degree burglary is punishable by a term of imprisonment of more than one year.  *See* CAL. PENAL CODE § 461(a).

Section 1101(a)(43) also defines the term "aggravated felony" to include "a burglary offense for which the term of imprisonment [is] at least one year."  8 U.S.C. § 1101(a)(43)(G). However, as the government concedes, Echeverria-Gomez's sentence was not subject to enhancement under 8 U.S.C. § 1101(a)(43)(G) because the term "burglary" does not carry the same meaning in California Penal Code §§ 459 & 460(a) that it carries in federal statutes. *See infra* notes 35-37 and accompanying text.

[10] *See infra* note 20 and accompanying text.

4

California Penal Code, is a "crime of violence" within the meaning of 18 U.S.C. § 16(b).

This Court uses a categorical approach to determine whether a defendant's prior conviction is a conviction for a "crime of violence" under 18 U.S.C. § 16(b).[11] "This means that the particular facts of the defendant's prior conviction do not matter . . . . The proper inquiry is whether a particular defined offense, in the abstract, is a crime of violence under 18 U.S.C. § 16(b)."[12] The categorical approach thus focuses on the statutory elements of the prior offense, including any judicial gloss that the courts charged with interpreting the statute have placed on those elements.[13] If it is possible to identify the crime of conviction based solely on the language of the statute, we do so.[14] Only if the "defendant's prior conviction is under a statute that identifies several separate offenses, some

---

[11] *See, e.g.*, *United States v. Chapa-Garza*, 243 F.3d 921, 924 (5th Cir. 2001) ("[T]he words 'by its nature' require us to employ a categorical approach when determining whether an offense is a crime of violence." (citing *United States v. Velazquez-Overa*, 100 F.3d 418, 420-21 (5th Cir. 1996))).

[12] *Id.*; *see also Leocal v. Ashcroft*, 543 U.S. 1, 7 (2004) ("[Section 16(b)] directs our focus to the 'offense' of conviction. . . . This language requires us to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime."); *Velazquez-Overa*, 100 F.3d at 421 ("A sentencing court need only consider the fact that [the defendant] was convicted and the inherent nature of the offense." (citing *United States v. Rodriguez-Guzman*, 56 F.3d 18, 21 n.4 (5th Cir. 1995))).

[13] *See James v. United States*, 550 U.S. 192, 202 (2007) (interpreting Florida's statute on criminal attempt in light of Florida Supreme Court precedent that had "considerably narrowed [the statute's] application in the context of attempted burglary"); *United States v. Rose*, 587 F.3d 695, 704 (5th Cir. 2009) (interpreting Texas's aggravated robbery statute in light of Texas Court of Criminal Appeals precedent requiring "a close nexus between the theft and the force"), *cert. denied*, 130 S. Ct. 1915 (2010). *James* and *Rose* interpret, respectively, the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), and the Career Offender Statute, 18 U.S.C. § 3559(c). But we use the same categorical approach to classify offenses under those statutes that we use to classify offenses under 18 U.S.C. § 16(b). *See, e.g,* *Perez-Munoz v. Keisler*, 507 F.3d 357, 362-64 (5th Cir. 2007) (relying on the Supreme Court's decision in *James* to decide a case arising under 18 U.S.C. § 16(b)); *see also Larin-Ulloa v. Gonzales*, 462 F.3d 456, 463 (5th Cir. 2006) (noting that the categorical approach under 18 U.S.C. § 16(b) "has its roots in the categorical approach adopted by the Supreme Court in *Taylor*").

[14] *See, e.g.*, *Zaidi v. Ashcroft*, 374 F.3d 357, 360 (5th Cir. 2004) (explaining that the categorical approach "look[s] primarily to the text of the statute violated").

No. 09-50261

violent and others not," will we "apply the modified categorical method and look to [the indictment] to determine 'which statutory phrase was the basis for the conviction.'"[15]

Echeverria-Gomez was indicted for committing "first degree residential burglary" and convicted of "burglary first degree." Under California law, a person commits second-degree burglary if he enters any structure with the intent to commit larceny or a felony.[16] A person commits first-degree burglary only if he commits "burglary of an inhabited dwelling house."[17] A dwelling house is "a structure where people ordinarily live."[18] A dwelling house is inhabited if it is "currently being used for dwelling purposes, whether occupied or not."[19] A conviction for first-degree burglary under California Penal Code §§ 459 & 460(a) thus requires proof of a total of three elements: (1) entry into a dwelling house; (2) that was inhabited at the time of the entry; (3) with the intent to commit larceny or a felony.[20]

---

[15] *United States v. Hughes*, 602 F.3d 669, 674 (5th Cir. 2010) (quoting *Johnson v. United States*, 130 S. Ct. 1265, 1273 (2010)), *petition for cert. filed*, No. 10-5289 (July 6, 2010); *see also Larin-Ulloa*, 462 F.3d at 464 ("If the statute of conviction defines multiple offenses, at least one of which does not describe an aggravated felony, we apply a modified categorical approach, under which we may also examine certain additional documents (if contained in the record framing the guilty plea conviction) to determine whether the conviction was 'necessarily' for a particular crime defined by the statute that meets the aggravated felony criterion."); *United States v. Montgomery*, 402 F.3d 482, 486 (5th Cir. 2005) ("We allow for an examination of the indictment only to 'pare down' the statute—that is, to decide under which branch of a disjunctive statute a defendant's conviction falls.").

[16] *See* CAL. PENAL CODE §§ 459 & 460(b).

[17] *Id.* § 460(a).

[18] *People v. Rodriguez*, 122 Cal. App. 4th 121, 132 (Cal. Ct. App. 2004) (citation and internal quotation marks omitted).

[19] CAL. PENAL CODE § 459.

[20] *People v. Anderson*, 211 P.3d 584, 589 (Cal. 2009); *see also id.* ("First degree burglary is a greater substantive offense than second degree burglary because it requires proof of all the elements of second degree burglary and the additional element that the area entered was used as a dwelling.").

No. 09-50261

B.

We hold that first-degree burglary under California Penal Code §§ 459 & 460(a) is a "crime of violence" within the meaning of 18 U.S.C. § 16(b). California law founds its distinction between first- and second-degree burglary "upon the risk of personal injury involved," and "the higher degree of the burglary law is intended to prevent those situations which are most dangerous, most likely to cause personal injury."[21]  As the Supreme Court of California has explained:

> Burglary laws are based primarily upon a recognition of the dangers to personal safety created by the usual burglary situation—the danger that the intruder will harm the occupants in attempting to perpetrate the intended crime or to escape and the danger that the occupants will in anger or panic react violently to the invasion, thereby inviting more violence. The laws are primarily designed, then, . . . to forestall the germination of a situation dangerous to personal safety. . . . [E]ntry into an *inhabited* structure is recognized as most dangerous and most likely to create personal injury, justifying assignment of the greater degree [under] § 460 . . . .[22]

Because entry into an inhabited dwelling house is a statutory element of the offense of first-degree burglary in California, the offense is by its nature one that involves a substantial risk that physical force against the person or property of another will be used in the course of committing the offense.

We find direct support for our holding in the Ninth Circuit's decision *United States v. Becker*.[23]  There, the Ninth Circuit also concluded that "California convictions for first-degree burglary fit 18 U.S.C. § 16(b)'s . . .

---

[21] *People v. Wilson*, 208 Cal. App. 3d 611, 615 (Cal. Ct. App. 1989) (citations, internal quotation marks, and emphasis omitted).

[22] *People v. Montoya*, 874 P.2d 903, 911-12 (Cal. 1994) (citations and internal quotation marks omitted).

[23] 919 F.2d 568 (9th Cir. 1990), *cert. denied*, 499 U.S. 911 (1991).

statutory definition of a 'crime of violence.'"[24] The court reasoned that "[a]ny time a burglar enters a dwelling with felonious or larcenous intent there is a risk that in the course of committing the crime he will encounter one of its lawful occupants, and use physical force against that occupant either to accomplish his illegal purpose or to escape apprehension."[25]

Supreme Court precedent interpreting an analogous provision of the Armed Career Criminal Act ("the ACCA") further undergirds our conclusion that California's first-degree-burglary offense is a "crime of violence" under 18 U.S.C. § 16(b). In *James v. United States*,[26] the Court held that an attempted burglary conviction under Florida law was a violent felony within the meaning of a clause in the ACCA that defines a violent felony as a crime that "'involves conduct that presents a serious risk of physical injury to another.'"[27] The Court emphasized that "the proper inquiry" under the categorical approach "is whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another."[28] Attempted burglary is such an offense, the Court explained, because "[t]he main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the

---

[24] *Id.* at 569-70. In *Becker*, the defendant received a sentence enhancement under the 1988 version of the "career offender" provision of the Sentencing Guidelines. *See id.* at 569. At that time, a defendant was a career offender if he had at least two prior felony convictions for crimes of violence. *See id.* (quoting U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (1988)). "The 1988 version of the Guidelines provided that the term 'crime of violence' was to be defined as under 18 U.S.C. § 16." *Id.* (citing U.S. SENTENCING GUIDELINES MANUAL § 4B1.2 (1988)).

[25] *Id.* at 571.

[26] 550 U.S. 192 (2007).

[27] *Id.* at 196 (quoting 18 U.S.C. § 924(e)(2)(B)(ii)). This clause is commonly referred to as the Residual Clause.

[28] *Id.* at 208.

No. 09-50261

burglar and a third party," such as "an occupant."[29]  The same risk attends a burglary that California law classifies as a first-degree burglary.  By definition, such a burglary targets a residence, a structure that is likely to contain occupants.[30]  By its nature, then, residential burglary presents a substantial risk of a face-to-face confrontation between the burglar and an occupant of the residence and a substantial corresponding risk that the burglar will use physical force against the occupant to aid in the commission of the burglary.[31]

Echeverria-Gomez argues that our prior decisions in *United States v. Gonzales-Terrazas*[32] and *United States v. Ortega-Gonzaga*[33] dictate a contrary conclusion.  Both cases apply the Supreme Court's holding in *Taylor v. United States*[34] that when Congress uses the term "burglary" in a federal statute, it intends for that term to carry its "generic, contemporary meaning," which includes as an element an unlawful or unprivileged entry into a structure.[35]  Burglary under California Penal Code § 459 does not include as an element an

---

[29] *Id..* at 203

[30] *See supra* notes 21-25 and accompanying text.

[31] *See Leocal*, 543 U.S. at 10 (observing in dicta that "[a] burglary would be covered under § 16(b) . . . because burglary, by its nature, involves a substantial risk that the burglar will use force against a victim in completing the crime"); *Becker*, 919 F.2d at 572 ("[R]esidential burglaries carry with them significant risks to personal safety and valued personal property."); *United States v. Flores*, 875 F.2d 1110, 1113 (5th Cir. 1989) ("Whenever a private residence is broken into, there is always a substantial risk that force will be used").

[32] 529 F.3d 293 (5th Cir. 2008).

[33] 490 F.3d 393 (5th Cir.), *cert. denied sub nom. Ayala-Cordovoa v. United States*, 552 U.S. 964 (2007).

[34] 495 U.S. 575 (1990).

[35] *Id.* at 598. *Taylor* construed the term "burglary" in the ACCA.  We subsequently held that there is "no reason to create a separate, parallel federal common-law definition for 'burglary'" and that "*Taylor*'s definition of 'burglary' controls when defining the 'burglary' part of 'burglary of a dwelling' under the Guidelines." *Ortega-Gonzaga*, 490 F.3d at 395.

unlawful or unprivileged entry into a structure,[36] so *Gonzales-Terrazas* and *Ortega-Gonzaga* hold that a burglary conviction under California Penal Code § 459 is not a conviction for the enumerated offense of "burglary of a dwelling" under § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines.[37]

Those holdings do not control here. Section 2L1.2(b)(1)(A)(ii) does provide for a sixteen-level base-offense-level increase for a defendant who has prior conviction for a "crime of violence." However, it bears emphasizing that the term "crime of violence" does not carry the same meaning in § 2L1.2(b)(1)(A)(ii) that it carries in 18 U.S.C. § 16.[38] Although the "catch-all" provision in the commentary to § 2L1.2(b)(1)(A)(ii) is identical to 18 U.S.C. § 16(a), the Guidelines replace the language of 18 U.S.C. § 16(b) with a list of specific crimes, one of which is "burglary of a dwelling." As the Ninth Circuit explained in *Becker*, "18 U.S.C. § 16 mentions no specific crimes at all. It speaks only in descriptive terms of felonies that carry with them a substantial risk that force will be used. . . . [B]urglary of a residence . . . falls within this description."[39] Indeed, in *Taylor* itself the Supreme Court took care to note that offenses that do not qualify as the enumerated offense of "burglary," including "offenses

---

[36] *See supra* notes 16-20 and accompanying text; *see also Ortega-Gonzaga*, 490 F.3d at 395-96.

[37] *See Gonzalez-Terrazas*, 529 F.3d at 296-98; *Ortega-Gonzaga*, 490 F.3d at 395-96.

[38] *Compare* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 cmt. 1(B)(iii) (2009) (defining "crime of violence" as used in § 2L1.2(b)(1)(A)(iii) to mean any one of twelve enumerated offenses as well as "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another"), *with* 18 U.S.C. § 16.

[39] 919 F.2d at 572 (distinguishing *Taylor*). The Ninth Circuit has subsequently reaffirmed the soundness of its reasoning in *Becker*. In *Sareang Ye v. I.N.S.*, 214 F.3d 1128 (9th Cir. 2000), that court held that a person who had been convicted of burglary of a vehicle under California Penal Code § 459 had not committed a crime of violence within the meaning of 8 U.S.C. § 1101(a)(43)(F) and 18 U.S.C. § 16(b). *Id.* at 1133-34. In so holding, the court took care to distinguish its prior decision in *Becker*. *See id.* at 1134 ("We also reject the INS's analogy to residential burglary. A person who enters a home or occupied building to commit theft may well encounter people inside and resort to physical force to carry out his plan.").

similar to generic burglary," might nonetheless authorize a sentence enhancement under a statutory provision similar to 18 U.S.C. § 16(b).[40] That a first-degree burglary in California could, in theory, involve a privileged or lawful entry does not change the fact that, "in the *ordinary* case,"[41] there is a substantial risk that a burglar will use physical force against the occupant of a residence to aid in the commission of a residential burglary.

### III.

First-degree burglary, as defined in California Penal Code §§ 459 & 460(a), is a "crime of violence" within the meaning of 18 U.S.C. § 16(b) and therefore qualifies as an "aggravated felony" under § 2L1.2(b)(1)(C) of the Sentencing Guidelines. The district court correctly applied the eight-level base-offense-level increase under § 2L1.2(b)(1)(C) when it calculated Echeverria-Gomez's sentence. Therefore, the district court's judgment is AFFIRMED.

---

[40] *See Taylor*, 495 U.S. at 600 n.9 (discussing the ACCA's Residual Clause).

[41] *James*, 550 U.S. at 208 (emphasis added); *see also Perez-Munoz v. Keisler*, 507 F.3d 357, 364 (5th Cir. 2007) (emphasizing that every act that falls within the definition of a crime "need not be violent" for the crime "to be a crime of violence by its nature").