**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2011

No. 10-41263

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARIO ALBERTO SOLORZANO,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC 2:10-CR-711

Before SMITH, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Mario Alberto Solorzano appeals a fifty-one month sentence imposed after he pleaded guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326. Solorzano argues that the district court committed plain error by characterizing prior convictions for second-degree burglary under California Penal Code §§ 459 and 460 as aggravated felonies under § 2L1.2(b)(1)(C) of the United States Sentencing Guidelines. For the following reasons, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41263

Solorzano pleaded guilty to being unlawfully present in the United States after his deportation. At sentencing, the district court treated Solorzano's prior convictions for second-degree burglary under California law as aggravated felonies receiving an eight-level enhancement. *See* U.S.S.G. § 2L1.2(b)(1)(C). This led to a total offense level of thirteen with an imprisonment range of 33 to 41 months.[1] The district court then made an upward departure of two offense levels—for a total offense level of fifteen with an imprisonment range up to 51 months—because the applicable Guideline range underrepresented the seriousness of the defendant's criminal convictions and prior criminal activity. Finally, the district court sentenced Solorzano to 51 months, the top of the adjusted imprisonment range.

Solorzano acknowledges he did not object to the aggravated felony enhancement and that our review is for plain error. Plain error requires: (1) error; (2) that is clear or obvious; (3) that affects substantial rights; and (4) if those elements are satisfied, the court of appeals may exercise its discretion to remedy the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009).

The aggravated felony enhancement was clear error. To be an aggravated felony, the California second-degree burglary convictions must fall under the federal classification of a "burglary offense" in 8 U.S.C. § 1101(a)(43)(G).[2] We

---

[1] As described below, the district court should not have treated the second-degree burglary convictions as aggravated felonies. Thus, the correct advisory range should have been 24 to 30 months.

[2] The term aggravated felony under § 2L1.2(b)(1)(C) has the same meaning as it does in § 1101(a)(43). *United States v. Echeverria-Gomez*, 627 F.3d 971, 974 (5th Cir. 2010). Moreover, the government does not argue that California's second-degree burglary constitutes an aggravated felony as a crime of violence under 8 U.S.C. § 1101(a)(43)(F). *See also id.* at 976 (observing the distinction between first and second-degree burglary as the former is more likely to result in violence and injury).

2

No. 10-41263

have already held that "the term 'burglary' does not carry the same meaning in California Penal Code §§ 459 and 460(a) that it carries in [§ 1101(a)(43)(G)]." *United States v. Echeverria-Gomez*, 627 F.3d 971, 974 n.9 (5th Cir. 2010); *see also United States v. Gonzalez-Terrazas*, 529 F.3d 293, 297 (5th Cir. 2008). Unlike the federal statute, burglary under the California code "does not include as an element an unlawful or unprivileged entry into a structure." *Echeverria-Gomez*, 627 F.3d at 977. Nevertheless, the government argues that Solorzano's actual crime satisfies the definition in § 1101(a)(43)(G) if we employ a modified categorical approach because the California charging instrument underlying one of his convictions alleged that he "did unlawfully enter" the building.[3] We have also rejected this same argument under the same California statute. *See Gonzalez-Terrazas*, 529 F.3d at 298 ("[T]he modified categorical approach, as applied by this circuit, does not apply to the 'entry' element of California Penal Code § 459."). Therefore, we hold as we must that Solorzano's prior convictions are not aggravated felonies under § 2L1.2(b)(1)(C) of the Guidelines, and the district court clearly erred.

Nevertheless, the error does not satisfy the rigor of plain error review.[4] First, it is unclear that the error affected Solorzano's substantial rights. "A sentencing error affects a defendant's substantial rights if he can show a reasonable probability that, but for the district court's misapplication of the Guidelines, he would have received a lesser sentence." *United States v. John*, 597 F.3d 263, 284–85 (5th Cir. 2010) (quoting *United States v. Price*, 516 F.3d

---

[3] The government acknowledges that Solorzano's other burglary conviction, which did not result from a charging instrument alleging *unlawful* entry, does not satisfy the definition of burglary in § 1101(a)(43)(G).

[4] The government concedes that if the enhancement were erroneous, this court should vacate and remand. Our duty, however, is to apply all four prongs of the plain error analysis. *See U.S. v. Hope*, 545 F.3d 293, 295 (5th Cir. 2008) ("We are not bound by the Government's concession of error and give the issue independent review.").

No. 10-41263

285, 289 (5th Cir. 2008)).  We have been "skeptical" that a defendant has met this burden where "the district court imposed a sentence above even the top end of the incorrect advisory range while commenting on the seriousness of the offense." *United States v. Davis*, 602 F.3d 643, 649–50 (5th Cir. 2010).  The district court only arrived at the offense level of fifteen by expressly rejecting the offense levels of thirteen and fourteen as insufficiently representing the severity of his criminal conduct, making it unlikely that considering an even lower advisory level would have resulted in a diminished sentence.  Second, we need not decide the substantial rights prong because this case does not warrant our discretion under plain error's final prong.  Given the unlikelihood that the error influenced the sentence, we conclude that the error does not cast serious doubt on the fairness, integrity, or public reputation of the judicial process.  *See id.* at 651 (declining to exercise the court's discretion to remand because of the absence of "facts that strongly suggest that the district court would have imposed a lesser sentence had it considered the correct sentence").  Moreover, "even if an increase in a sentence be seen as inevitably 'substantial' in one sense it does not inevitably affect the fairness, integrity, or public reputation of judicial process and proceedings." *United States v. Ellis*, 564 F.3d 370, 378–79 (5th Cir. 2009).  In declining to exercise our discretion, we note that "the  doctrine of plain error serves powerful institutional interests, including securing the role of the United States District Court as the court of first instance, as opposed to a body charged to make recommendations to appellate courts." *Id.* at 378.

We therefore AFFIRM.