# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 12, 2012

Lyle W. Cayce
Clerk

No. 11-40139

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELVIN ERNEST SANCHEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1821

Before JONES, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Elvin Ernest Sanchez appeals the thirty-three-month sentence he received after pleading guilty to a charge of being found unlawfully in the United States following deportation in violation of 8 U.S.C. § 1326. Sanchez argues that the district court reversibly erred by concluding that his prior conviction for possession of a firearm by a felon under Florida Statutes §790.23(1) was an aggravated felony within the meaning of § 2L1.2(b)(1)(C) of the United States Sentencing Guidelines. We affirm Sanchez's sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40139

## I.

On April 3, 2009, Ernest Elvin Sanchez, a citizen of Honduras, was removed from the United States, from Miami, Florida. On July 16, 2010, he was found in Laredo, Texas. He had no documents allowing him to enter, travel through, or remain in the United States. He never applied or received permission to reenter the United States or to reapply for admission to the United States after his removal. The government charged him with illegally reentering the United States following deportation in violation of 8 U.S.C. § 1326(a).[1] Under the statute's corresponding Sentencing Guidelines provision, § 2L1.2, the offense of illegal reentry carries a base offense level of eight.[2] Because, prior to his removal, the State of Florida had convicted Sanchez of possession of a firearm by a felon, the government sought an enhanced penalty.[3]

The district court concluded that Sanchez's felon-in-possession-of-a-firearm conviction was a conviction for an "aggravated felony" within the meaning of § 2L1.2(b)(1)(C) and increased his base offense level by eight levels. This enhanced base offense level combined with Sanchez's acceptance of responsibility and criminal history score to yield an advisory sentencing range under the Guidelines of thirty-three to forty-one months.

Sanchez objected to the application of the aggravated felony enhancement on the basis that his Florida felon-in-possession conviction was not an offense described in 18 U.S.C. § 922(g), the "aggravated felony" identified as the basis

---

[1] *See* 8 U.S.C. § 1326(a) ("[A]ny alien who . . . has been . . . removed . . . while an order of exclusion, deportation, or removal is outstanding, and thereafter . . . enters, attempts to enter, or is at any time found in the United States . . . shall be fined under Title 18, or imprisoned not more than 2 years, or both.").

[2] *See* U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(a) (2009)

[3] *See* 8 U.S.C. § 1326(b)(2) ("Notwithstanding subsection (a) of this section, in the case of any alien described in such subsection– . . . whose removal was subsequent to a conviction for commission of an aggravated felony, such alien shall be fined under such title, imprisoned not more than 20 years, or both.").

2

for the eight-level enhancement, because the Florida felon-in-possession statute is broader than its federal analogue. Specifically, he argued that the Florida law prohibits the custody, possession, or control of electric weapons or devices. Sanchez maintained that the government had not met its burden of proving the enhancement with appropriate documentation. The district court rejected Sanchez's argument, noting that the Florida judgment specified that Sanchez was convicted of possession of a firearm, and not, for example, possession of an electric device. The district court sentenced Sanchez to a term of thirty-three months imprisonment and three years of supervised release. Sanchez timely appealed.

## II.

The Application Note to § 2L1.2(b)(1)(C) states that for the purposes of that subsection, "'aggravated felony' has the meaning given that term in section 101(a)(43) of the Immigration and Nationality Act (8 U.S.C. § 1101(a)(43))." Section 101(a)(43) defines "aggravated felony" to include, among other offenses, "an offense described in . . . [18 U.S.C. § 922(g)(1)]."[4] Under § 922(g)(1) it is unlawful for anyone who has been convicted of "a crime punishable by imprisonment for a term exceeding one year . . . to possess in or affecting commerce, any firearm or ammunition."[5] As used in § 922, the term "firearm" includes "any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive," as well as "any destructive device," but does not include "an antique firearm."[6]

On appeal, Sanchez again asserts that his Florida felon-in-possession conviction does not support an enhancement under § 2L1.2(b)(1)(C), but he offers the new argument that his Florida conviction for possession of a firearm by a

---

[4] 8 U.S.C. § 1101(a)(43)(E)(ii).

[5] 18 U.S.C. § 922(g).

[6] *Id.* § 921(3).

felon is not an "aggravated felony" for the purposes of the enhancement because it is possible to commit the Florida offense by possessing an "antique firearm." Sanchez's argument is based not on the text of Florida Statutes § 790.23 but rather on the definition of "firearm" in § 790.001.  That definition provides:

> "Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon; any firearm muffler or firearm silencer; any destructive device; or any machine gun. The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime.[7]

According to Sanchez, when read in conjunction with § 790.23, this definition of "firearm" establishes that Florida law prohibits felons from possessing antique firearms, albeit only antique firearms used in the commission of a crime.  Thus, Sanchez argues, the Florida statute criminalizes conduct that falls outside the scope of § 922(g)(1).

### III.

### A.

Before turning to the merits of Sanchez's argument, we must identify the standard of review that applies to his claim.  This court reviews a district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error, provided that the error has been properly preserved.[8]  "To preserve error, an objection must be sufficiently specific to alert the district court to the nature of the alleged error and to provide an opportunity for correction."[9]  If a defendant fails to preserve an error in the district court, this

---

[7] FLA. STAT. § 790.001(6).

[8] *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

[9] *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).

court will review the district court's actions for plain error only.[10]  On plain error review, a defendant must demonstrate a clear or obvious error that affected his substantial rights.[11]  If the defendant does so, we may exercise our discretion to correct the error only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[12]

Here, both parties assume that, because Sanchez's claim involves application of § 2L1.2(b)(1)(C), de novo review applies.  However, this court is not bound by the parties' beliefs about the proper standard of review and "must determine the proper standard on its own."[13]  In the district court, Sanchez did object to the § 2L1.2(b)(1)(C) adjustment on the ground that his Florida conviction did not qualify as an aggravated felony because the Florida statute is broader in scope than 18 U.S.C. § 922(g)(1).  But he did not specifically argue that the Florida statute was broader than § 922(g)(1) because it criminalized a felon's possession of an antique firearm that was used in the commission of a crime.  Indeed, at sentencing, defense counsel paraphrased Florida's statutory definition of "firearm" as excluding antique firearms.  Sanchez's objections to the Pre-Sentence Report focused on the Florida statute's applicability to non-firearms such as electric weapons or devices and did not mention antique firearms.

Because Sanchez's objection and argument focused on other types of weapons and devices explicitly included in Florida Statutes § 790.23 – the section defining the Florida offense – and not on the statutory definition of firearm in  § 790.001, the district court apparently found it conclusive that the judgment listed Sanchez's crime as involving a "firearm." Sanchez's arguments

---

[10] *Puckett v. United States*, 556 U.S. 129, 129 S. Ct. 1423, 1428-29 (2009).

[11] *Id.* at 1429.

[12] *Id.*

[13] *United States v. Vontsteen*, 950 F.2d 1086, 1091 (5th Cir. 1992) (en banc).

below could not have been reasonably expected to alert the district court to the nature of the error he now alleges. Sanchez thus did not preserve his claim, and we review for plain error.

### B.

To determine whether Sanchez's Florida conviction constituted an offense described in § 922(g) for the purposes of the aggravated felony enhancement, this court first applies a categorical approach.[14] The categorical approach "focuses on the statutory elements of the prior offense, including any judicial gloss that the courts charged with interpreting the statute have placed on those elements."[15] If it is possible to identify the crime for which the defendant was previously convicted based on the language of the statute, we do so.[16] However, if the statute of conviction identifies several offenses, some falling within the scope of the federal predicate and some not, we apply a "modified categorical approach,"[17] in which we may consider not only the language of the statute of conviction but also the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."[18]

Sanchez maintains that Florida Statutes § 790.23 includes an offense not described in 18 U.S.C. § 922(g) because the federal felon-in-possession offense excludes possession of an antique firearm, while the Florida felon-in-possession statute criminalizes possession of an antique firearm in some instances. Sanchez presumes that the exception-to-the-exception in the definition of

---

[14] *See United States v. Echeverria-Gomez*, 627 F.3d 971, 974 (5th Cir. 2010).

[15] *Id.* at 974-75.

[16] *Id.* at 975.

[17] *Id.*

[18] *Shepard v. United States*, 544 U.S. 13, 16 (2005); *see Nolos v. Holder*, 611 F.3d 279, 285 (5th Cir. 2010).

"firearm" in Florida Statutes § 790.001 – the statement that "[t]he term 'firearm' does not include an antique firearm unless the antique firearm is used in the commission of a crime" – establishes that a felon may be convicted based on mere possession of an antique firearm under § 790.23. We do not believe that the relationship between the offense defined in § 790.23 and the limit on the antique firearm exception to the definition of "firearm" in § 790.001 is so clear.

Section 790.23 itself does not identify possession of an antique firearm by a felon as an offense. The allowance in § 790.001(6) that the term "firearm" includes "an antique firearm" when the antique firearm is used in the commission of a crime could mean simply that when a chapter 790 offense by definition includes the use of a "firearm" to commit a crime, the term "firearm" encompasses an antique firearm. Section 790.07, for example, specifically prohibits use of a firearm during commission of or attempt to commit a felony.[19] Sanchez has pointed to no precedent in which this court or any other court has held that § 790.23 encompasses conduct beyond the scope of the offenses described in 18 U.S.C. § 922(g), or even that § 790.23 criminalizes possession of an antique firearm by a felon in some instances. Indeed, in *Bostic v. State*, a Florida District Court of Appeal quoted in full the § 790.001(6) definition of "firearm" before stating, without qualification: "On its face, [§ 790.23] provides that the firearm a convicted felon is prohibited from possessing excludes an 'antique firearm.'"[20] Because no precedent directly supports Sanchez's claim

---

[19] FLA. STAT. § 790.07(2) (providing that ""[w]hoever, while committing or attempting to commit any felony, displays, uses, threatens, or attempts to use any firearm or carries a concealed firearm is guilty of a felony of the second degree").

[20] 902 So. 2d 225, 227-28 (Fla. Dist. Ct. App. 2005) (concluding that the trial court erred in "interpret[ing] section 790.23 of the Florida Statutes as prohibiting any firearm, whether antique or otherwise, from being possessed by a convicted felon" and in denying the defendant's motion to dismiss on that basis).

regarding the scope of Florida's felon-in-possession statute, "it cannot be said that the district court's alleged error was 'plain' for purposes of our review."[21]

## IV.

The district court made no clear or obvious error in its application of the aggravated felony enhancement. Sanchez's sentence is AFFIRMED.

---

[21] *United States v. Miller*, 406 F.3d 323, 330 (5th Cir. 2005); *see, e.g.*, United States v. Guerra, 188 F. App'x 253, 253 (5th Cir. 2006) (unpublished) ("Guerra points to no precedent in which this, or any other, court has found that the Texas statute under which he was convicted encompassed conduct not constituting an ACCA predicate offense. Absent such precedent, Guerra cannot establish the district court's finding was error, much less plain ('clear' or 'obvious') error.").