# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40958
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR VIRGILIO PERDOMO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-766-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Oscar Virgilio Perdomo (Perdomo) pleaded guilty to illegal reentry following deportation. He contends that the district court erred by entering a judgment reflecting that he was convicted under 8 U.S.C. § 1326(b)(2), and he maintains that this court should remand the case to the district court to reform the judgment to reflect a conviction pursuant to § 1326(b)(1). Perdomo contends that he did not have a qualifying conviction for an aggravated felony

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and that the district court erroneously relied upon his prior conviction in Arkansas for residential burglary.  Because Perdomo raises his arguments for the first time on appeal, we review for plain error only.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Section 1326(b)(2) subjects an alien to a maximum term of imprisonment of 20 years if his prior removal was after a conviction for an aggravated felony.  The term "aggravated felony" is defined in 8 U.S.C. § 1101(a)(43) as, inter alia, an enumerated offense, like burglary, for which the prison term is at least one year, or a "crime of violence," as defined in 18 U.S.C. § 16, for which the prison term is at least one year.  § 1101(a)(43)(F), (G).

Perdomo maintains that his prior conviction in Arkansas for residential burglary, pursuant to Arkansas Code § 5-39-201(a)(1), does not constitute the enumerated offense of burglary and, therefore, the crime is not an aggravated felony under § 1101(a)(43)(G).  He asserts that the Arkansas statute is broader than the generic definition of "burglary" because it includes the unlawful entry of vehicles.  Perdomo also argues that his conviction is not a "crime of violence" for purposes of § 1101(a)(43)(F).  He alleges that the offense does not have the element of force needed to qualify it as a "crime of violence" under § 16(a), and cannot be a "crime of violence" under § 16(b) because the definition of "crime of violence" in that subsection must be struck as unconstitutionally vague in light of the Supreme Court's decision invalidating a similar clause in *Johnson v. United States*, 135 S. Ct. 2551 (2015).

We need not resolve whether Perdomo's offense is the equivalent of the enumerated offense of "burglary" for purposes of § 1101(a)(43)(G) because he has not established that the conviction is not an aggravated felony pursuant to § 1101(a)(43)(F).  His argument that § 16(b) is unconstitutionally vague on its face in light of *Johnson* is foreclosed by our recent decision in *United States v.*

No. 15-40958

*Gonzalez-Longoria*, ___ F.3d ___, No. 15-40041, 2016 WL 4169127, 2-6 (5th Cir. Aug. 5, 2016) (en banc), and § 16(b) is not vague as applied to him.  *See Leocal v. Ashcroft*, 543 U.S. 1, 10 (2004); *United States v. Echeverria-Gomez*, 627 F.3d 971, 977 (5th Cir. 2010).  He does not otherwise contest whether his conviction, by its nature, involves a substantial risk that physical force against the person or property of another may be used during the course of the offense and, thus, has waived any claim that his conviction does not, in fact, satisfy the definition of "crime of violence" in § 16(b).  *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

In light of the foregoing, Perdomo has not shown that the district court plainly erred in finding that his Arkansas conviction for residential burglary is an aggravated felony.  Thus, the district court correctly entered judgment pursuant to § 1326(b)(2), and no reformation of the judgment is warranted.  His conviction and sentence are AFFIRMED.