# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41375

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

CANDIDO PEREZ-CONDE,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:15-CR-743-1

Before REAVLEY, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Perez-Conde pleaded guilty to reentering the country illegally after having been deported.  He appeals the district court's imposition of an 8-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C).  We affirm.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-41375

**I**

Perez-Conde, a citizen of Mexico, pleaded guilty to reentering the United States illegally following deportation in violation of 8 U.S.C. § 1326. Applying the 2014 version of the United States Sentencing Guidelines, the district court imposed an 8-level enhancement for a prior conviction for assault and sentenced Perez-Conde to 27 months of imprisonment.

Section 2L1.2 of the Guidelines provides a base level offense of 8 for unlawfully entering or remaining in the United States. Under § 2L1.2(b)(1)(A)(ii), the base offense level is increased by 16 levels if the defendant was previously deported following a conviction for a "crime of violence." The Guidelines commentary defines "crime of violence" as it applies in § 2L1.2(b)(1)(A)(ii), enumerating a number of specific offenses that qualify, including aggravated assault, as well as other offenses that have "as an element the use, attempted use, or threatened use of physical force against the person of another."[1]

Perez-Conde had two prior convictions under North Carolina law: assault with a firearm upon a governmental officer and attempted assault inflicting serious bodily injury.[2] The presentence report (PSR) concluded that Perez-Conde's prior conviction for assault with a firearm upon a governmental officer was a "crime of violence" either because it qualified as an "aggravated assault," which is specifically enumerated as a crime of violence, or because it had as an element the use, attempted use, or threatened use of physical force against another person.[3] As a crime of violence under § 2L1.2(b)(1)(A)(ii), it qualified for a 16-level enhancement. The PSR concluded that Perez-Conde's

---

[1] U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 2L1.2 cmt. n.1(B)(iii) (U.S. SENTENCING COMM'N 2014).

[2] N.C. GEN. STAT. § 14-34.2; *id.* § 14-32.4.

[3] *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

other prior conviction, attempted assault inflicting serious bodily injury, could be committed through "culpable negligence" under North Carolina law and, therefore, that this conviction did not qualify as a crime of violence but did constitute a "conviction for any other felony" under § 2L1.2(b)(1)(D), which would result in a 4-level enhancement. Applying the greatest enhancement, as directed by the Guidelines,[4] the PSR recommended a 16-level sentencing enhancement.

Perez-Conde filed written objections to the PSR, contending that assault with a firearm upon a governmental officer under North Carolina General Statutes § 14-34.2 "is not an enumerated offense under U.S.S.G § 2L1.2(b)(1)(A)(ii), comment n.1(B)(iii) or otherwise a crime of violence." Specifically, Perez-Conde argued that § 14-34.2 includes a less culpable mens rea than generic aggravated assault such that a conviction under the North Carolina statute cannot qualify as a crime of violence under § 2L1.2(b)(1)(A)(ii). He also objected that the state statute "does not have as an element the use of force because a defendant can be convicted under that statute absent an intentional use of force."

At sentencing, the Government agreed that the 16-level enhancement was "not appropriate," but recommended that the court instead apply an 8-level enhancement for deportation after being convicted of an "aggravated felony."[5] As used in § 2L1.2(b)(1)(C), "aggravated felony" is given the meaning provided by 8 U.S.C. § 1101(a)(43). Section 1101(a)(43)(F) defines an aggravated felony as "a crime of violence (as defined in section 16 of Title 18, but not including a purely political offense) for which the term of imprisonment [is] at least one year." 18 U.S.C. § 16 in turn defines "crime of violence" as:

---

[4] § 2L1.2(b)(1).

[5] *See* § 2L1.2(b)(1)(C).

No. 15-41375

(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

The district court imposed an 8-level enhancement. Perez-Conde objected, arguing that 18 U.S.C. § 16(b) was unconstitutionally vague because the Supreme Court's reasoning in *Johnson v. United States*[6] applied equally to § 16(b). The district court overruled this objection and sentenced Perez-Conde to 27 months of imprisonment.

## II

The parties dispute whether the standard of review applicable to the district court's imposition of the 8-level enhancement is de novo or plain error review. "If preserved for appeal, the district court's characterization of a prior offense as an aggravated felony or as a crime of violence is a question of law that we review de novo."[7] If not preserved, the plain error standard applies.[8] "[A]n argument is preserved when the basis for objection presented below gave the district court the opportunity to address the gravamen of the argument presented on appeal."[9] Perez-Conde filed written objections to the proposed

---

[6] 135 S. Ct. 2551, 2563 (2015) (holding that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), was unconstitutionally vague). Perez-Conde specifically objected as follows:

> We'd like to object to the plus-8, specifically, that the Section 16(b), that the Government is relying on is similar to the . . . residual clause, and that under *Johnson*, that particular clause has been unconstitutional, so we would make the same argument that that analysis would also apply in this situation and for those reasons, the plus-8 would be inappropriate at this time.

[7] *United States v. Narez-Garcia*, 819 F.3d 146, 149 (5th Cir. 2016).

[8] *United States v. Jaurez*, 626 F.3d 246, 253-54 (5th Cir. 2010).

[9] *Narez-Garcia*, 819 F.3d at 149 (quoting *United States v. Garcia-Perez*, 779 F.3d 278, 281-82 (5th Cir. 2015)).

No. 15-41375

16-level enhancement under § 2L1.2(b)(1)(A), arguing that his North Carolina assault with a firearm conviction could not be classified as a crime of violence under the Guidelines because it did not fall within the generic meaning of aggravated assault and did not contain an element of use of force. He objected at the sentencing hearing to the 8-level enhancement under a different subsection, § 2L1.2(b)(1)(C), on the ground that 18 U.S.C. § 16(b) was unconstitutionally vague. He did not, however, object that his prior conviction for assault with a firearm upon a governmental officer does not qualify as an "aggravated felony." We therefore review for plain error.[10]

"We find plain error when (1) there was an error or defect; (2) the legal error was clear or obvious, rather than subject to reasonable dispute; and (3) the error affected the defendant's substantial rights."[11]  An error affects substantial rights if it "affected the outcome of the district court proceedings."[12] If all three elements are satisfied, "we may exercise our discretion to correct the error if it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'"[13]

## III

We first address Perez-Conde's argument that the 8-level sentencing enhancement for a prior "aggravated felony" conviction does not apply because 18 U.S.C. § 16(b) is unconstitutionally vague. Perez-Conde argued that the reasoning in the Supreme Court's decision in *Johnson v. United States*, which

---

[10] *See id.*, 819 F.3d at 150 (reviewing a sentencing enhancement for plain error because the defendant "did not object to the enhancement on the specific ground he now raises on appeal").

[11] *Juarez*, 626 F.3d at 254.

[12] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

[13] *United States v. John*, 597 F.3d 263, 285 (5th Cir. 2010) (quoting *Puckett*, 556 U.S. at 135)).

5

No. 15-41375

held similar, but not identical, language in the Armed Career Criminal Act[14] was unconstitutionally vague, applies to the definition of crime of violence in § 16(b).[15] After Perez-Conde filed his opening brief, this court, sitting en banc in *United States v. Gonzalez-Longoria*, held that the reasoning in *Johnson* did not lead to the conclusion that the crime of violence definition included within § 16(b) is unconstitutionally vague.[16] The argument is thus foreclosed in this circuit.[17]

**IV**

Perez-Conde argues that his prior conviction under North Carolina General Statutes § 14-34.2 for assault with a firearm upon a governmental officer is not an "aggravated felony" under § 2L1.2(b)(1)(C) because it is not a "crime of violence" as defined in 18 U.S.C. § 16(b) and therefore that the district erred in imposing an 8-level enhancement. To qualify as a crime of violence under § 16(b), an offense must be a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."[18] Perez-Conde correctly notes that our court has construed § 16(b) to mean "that section 16(b) applies only when the nature of the offense is such that there is a substantial likelihood that the perpetrator will intentionally employ physical force against another's person or property in the commission thereof. [This] approach requires recklessness as regards a substantial risk that intentional force will be utilized

---

[14] 18 U.S.C. § 924(e)(2)(B)(i) (defining "violent felony" as "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another").

[15] 135 S. Ct. 2551, 2563 (2015).

[16] 831 F.3d 670, 677 (5th Cir. 2016) (en banc), *petition for cert. filed*, (U.S. Sept. 29, 2016) (No. 16-6259).

[17] We recognize that Perez-Conde preserves this issue for possible further review.

[18] 18 U.S.C. § 16(b).

by the defendant to effectuate commission of the offense."[19]   Perez-Conde contends that the mens rea element of § 14-34.2 can be satisfied by "culpable negligence" and, therefore, that the offense cannot qualify as a crime of violence.

Assuming, without deciding, that the district court did err in classifying an offense under § 14-34.2 as a crime of violence, we conclude that any error did not affect Perez-Conde's substantial rights.   Perez-Conde's other prior conviction, for attempted assault inflicting serious bodily injury under § 14-32.4, qualifies as a crime of violence under § 16(b) and thus as an aggravated felony under the Guidelines.   Perez-Conde cannot show an error that affected his substantial rights because he would have received the same 8-level enhancement, and therefore he would have been subject to the same Guidelines range and sentence had the district court imposed the enhancement under the attempted assault conviction.[20]   We recognize that the PSR concluded Perez-Conde's prior conviction for attempted assault did not constitute a crime of violence because the offense could be committed through negligence.   It appears, however, that the PSR did not analyze the prior conviction as an attempt offense, as described below.   We may affirm a sentencing enhancement on any ground supported by the record.[21]

We use a categorical approach to determine whether a defendant's prior conviction constitutes a "crime of violence" under 18 U.S.C. § 16(b).[22]   "This means that the particular facts of the defendant's prior conviction do not matter."[23]   The proper inquiry is whether the elements of a defined offense

---

[19] *United States v. Chapa-Garza*, 243 F.3d 921, 925 (5th Cir. 2001).

[20] *See United States v. Garcia-Gonzalez*, 714 F.3d 306, 317 (5th Cir. 2013).

[21] *Id.* at 314.

[22] *United States v. Echeverria-Gomez*, 627 F.3d 971, 974 (5th Cir. 2010) (per curiam).

[23] *Chapa-Garza*, 243 F.3d at 924.

constitute a crime of violence under § 16(b).[24]  "Only if the 'defendant's prior conviction is under a statute that identifies several separate offenses, some violent and others not,' will we 'apply the modified categorical method and look to [the indictment] to determine "which statutory phrase was the basis for the conviction."'"[25]

Section 14-32.4 provides that "any person who assaults another person and inflicts serious bodily injury is guilty of a Class F felony."[26]  "Serious bodily injury" is defined under the statute and includes "bodily injury that creates a substantial risk of death, or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization."[27]

North Carolina common law recognizes two definitions of assault.[28]  The first defines assault as "an overt act or attempt, with force or violence, to do some immediate physical injury to the person of another, which is sufficient to put a person of reasonable firmness in fear of immediate physical injury."[29]  The second defines assault as "a show of violence accompanied by reasonable apprehension of immediate bodily harm or injury on the part of the person assailed which causes him to engage in a course of conduct which he would not otherwise have followed."[30]  Under North Carolina law, the elements of an attempt to commit a crime are: "(1) [a]n intent to commit [the substantive

---

[24] *Id.*

[25] *Echeverria-Gomez*, 627 F.3d at 975 (quoting *United States v. Hughes*, 602 F.3d 669, 674 (5th Cir. 2010)).

[26] N.C. GEN. STAT. § 14-32.4(a).

[27] *Id.*

[28] *State v. Floyd*, 794 S.E.2d 460, 464-65 (N.C. 2016).

[29] *State v. Jones*, 538 S.E.2d 917, 922 (N.C. 2000) (quoting *State v. Porter*, 457 S.E.2d 716, 721 (N.C. 1995)).

[30] *Floyd*, 794 S.E.2d at 465 (quoting *State v. Roberts*, 155 S.E.2d 303, 305 (N.C. 1967)).

offense], and (2) an overt act done for that purpose, going beyond mere preparation, but falling short of the completed offense."[31]  "The crime of attempt requires an act done with the specific intent to commit the underlying offense."[32]

Perez-Conde contends that an offense under § 14-32.4 cannot qualify as a crime of violence for the same reason that an offense under § 14-34.2 cannot—a defendant can be convicted if he "actually intended to assault the victim *or* if he acted with 'culpable negligence from which intent may be implied.'"[33]  The North Carolina Supreme Court defines "culpable negligence" as "such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others."[34]  This court, in an unpublished decision, has recognized that "culpable negligence," as employed under North Carolina law, is "similar to ordinary negligence and lesser than plain recklessness."[35]  Because we have previously held that to qualify as a "crime of violence" under § 16(b), an offense must have a mens rea of at least recklessness,[36] Perez-Conde contends that attempted assault conviction cannot qualify.

---

[31] *Id.* at 463 (quoting *State v. Powell*, 178 S.E.2d 417, 421 (N.C. 1971)); *accord State v. Coble*, 527 S.E.2d 45, 46 (N.C. 2000).  Although the first common law definition of assault includes "attempt" within it, perhaps suggesting that attempted assault is not an offense under North Carolina law, the North Carolina Supreme Court has recognized attempted assault as an offense under North Carolina law, relying on the second common law definition of assault.  *Floyd*, 794 S.E.2d at 465-66.

[32] *Coble*, 527 S.E.2d at 46.

[33] *See State v. Padgett*, No. COA10-1045, 2011 WL 2714212, at *3, 714 S.E.2d 209 (N.C. Ct. App. July 5, 2011) (unpublished table decision).

[34] *Jones*, 538 S.E.2d at 923 (quoting *State v. Weston*, 159 S.E.2d 883, 886 (N.C. 1968)).

[35] *United States v. Ocampo-Cruz*, 561 F. App'x 361, 364 (5th Cir. 2014) (per curiam unpublished) (concluding that the North Carolina offense of assault with a deadly weapon inflicting serious injury does not fall within the generic meaning of aggravated assault warranting a 16-level enhancement under the Guidelines because a defendant could be convicted under the statute with either an actual intent to inflict injury or culpable or criminal negligence from which such intent may be implied).

[36] *United States v. Chapa-Garza*, 243 F.3d 921, 927 (5th Cir. 2001).

No. 15-41375

We disagree. Under North Carolina law, Perez-Conde must have been found to have had the specific intent to commit the underlying substantive offense,[37] which means that he was convicted of having the specific intent to assault another person and inflict serious bodily injury. He could not have committed that offense negligently or "culpably negligently." The North Carolina Supreme Court has held, in construing a similar statute, that "'[a] person who intends to 'assault[ ] another person with a deadly weapon and inflict[ ] serious injury,' and who does an overt act for that purpose going beyond mere preparation, but who ultimately fails to complete all the elements of this offense—for example, by failing to inflict a serious injury—would be guilty of the attempt rather than the completed offense."[38]

Section 2L1.2(b)(1) of the Guidelines provides that prior convictions for enumerated offenses include attempts to commit such offenses.[39] Perez-Conde's prior conviction for attempted assault inflicting serious bodily injury qualifies as an aggravated felony subject to an 8-level sentencing enhancement. Because any error did not affect the outcome of the district court proceedings, Perez-Conde's substantial rights were not affected. Thus, the district court did not plainly err.

*     *     *

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

[37] *See State v. Floyd*, 794 S.E.2d 460, 463 (N.C. 2016).

[38] *Id*. at 463-64 (quoting N.C. GEN. STAT. § 14-32(b)).

[39] U.S.S.G. § 2L1.2 cmt. n.5.